1  **LAW OFFICES OF  RONALD A. MARRON**
2  RONALD A. MARRON (SBN 175650)
   *ron@consumersadvocates.com*
3  MICHAEL T. HOUCHIN (SBN 305541)
   *mike@consumersadvocates.com*
4  651 Arroyo Drive
   San Diego, California 92103
5  Telephone: (619) 696-9006
   Facsimile: (619) 564-6665
6
   ***Attorneys for Plaintiff and the Proposed Class***
7

8              **UNITED STATES DISTRICT COURT**
9
       **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**
10

11

12  JESSICA LITTLEJOHN, on behalf of       Case No.: 3:18-cv-00658-AJB-WVG
13  herself, all others similarly situated,
    and the general public,
14                                          **FIRST AMENDED CLASS ACTION**
15          Plaintiff,                      **COMPLAINT**
16
17     v.                                   **DEMAND FOR JURY TRIAL**
18  FERRARA CANDY COMPANY,
19  Inc., an Illinois Corporation,
20          Defendant.
21

22

23

24

25

26

27

28

---

*Jessica Littlejohn v. Ferrara Candy Company, Inc.*
FIRST AMENDED CLASS ACTION COMPLAINT

# TABLE OF CONTENTS

I.      JURISDICTION AND VENUE ........................................................................ 1

II.     NATURE OF THE ACTION ........................................................................... 1

III.    PARTIES ......................................................................................................... 2

IV.     FACTUAL ALLEGATIONS ........................................................................... 3

        A.      Defendant Does Not Disclose That the Products Contain Artificial
                Flavors. ........................................................................................... 3

        B.      Defendant's Competitors Label Their Products Lawfully. ............. 9

        C.      Plaintiff's Purchases of the Misbranded Products .......................... 9

V.      DELAYED DISCOVERY ............................................................................ 11

VI.     CLASS ACTION ALLEGATIONS .............................................................. 12

VII.    CAUSES OF ACTION ................................................................................. 15

        FRAUD BY OMISSION ............................................................................... 15

        NEGLIGENT MISREPRESENTATION ...................................................... 15

        VIOLATIONS OF THE CONSUMERS LEGAL REMEDIES ACT ................... 16

        VIOLATIONS    OF     THE     UNFAIR     COMPETITION     LAW
                (UNLAWFUL PRONG) ...................................................................... 18

        VIOLATIONS    OF     THE     UNFAIR     COMPETITION     LAW
                (UNFAIR PRONG) .............................................................................. 19

        VIOLATIONS OF THE FALSE ADVERTISING LAW ...................................... 21

        BREACH OF EXPRESS WARRANTIES ............................................................... 22

        BREACH OF IMPLIED WARRANTIES ............................................................... 23

VIII.   PRAYER FOR RELIEF ............................................................................... 24

IX.     JURY DEMAND .......................................................................................... 26

i

Jessica Littlejohn ("Plaintiff"), on behalf of herself and all other similarly situated, by and through her undersigned counsel, hereby brings this action against Ferrara Candy Company, Inc. ("Ferrara" or "Defendant"), and upon information and belief and investigation of counsel, alleges as follows:

## I.   <u>JURISDICTION AND VENUE</u>

1.      This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). The Defendant is a citizen of a state different from that of the Plaintiff, the putative class size is greater than 100 persons, and the amount in controversy in the aggregate for the putative Class exceeds the sum or value of $5 million exclusive of interest and costs.

2.      This Court has both general and specific personal jurisdiction over the Defendant Ferrara Candy Company, Inc.

3.      The Court has personal jurisdiction over Defendant because the company has affirmatively established and maintained contacts with the State of California.

4.      This Court has specific personal jurisdiction arising from Defendant's decision to advertise and sell the Products in California. Defendant has sufficient minimum contacts with this State and sufficiently avail themselves of the markets of this State through the manufacture, promotion, sales, and marketing of the Products to consumers within the State to render the exercise of jurisdiction by this Court reasonable.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this venue, including specifically the relevant transactions between Plaintiff and the Defendant, and, in the alternative, the Defendant is subject to the Court's personal jurisdiction with respect to this action.

## II.   <u>NATURE OF THE ACTION</u>

6.      This is a consumer class action lawsuit for violations of California's consumer protection laws.

7.      Defendant Ferrara manufactures, packages, distributes, advertises, markets,

1

and sells a variety of sweet and tart flavored candy products.

8.      The Products' labeling and advertising is false and misleading and the Products are misbranded under California law.

9.      The Products are labeled as if they contain only natural ingredients and are flavored only with natural ingredients when the Products in fact contain undisclosed artificial flavors in violation of state and federal law.

10.     Defendant's packaging, labeling, and advertising scheme is intended to give California consumers the impression that they are buying a premium, "all natural" product with natural flavoring ingredients instead of a product that is artificially flavored.

11.     Plaintiff, who was deceived by Defendant's unlawful conduct and purchased the Products in California, brings this action on her own behalf and on behalf of California consumers to remedy Defendant's unlawful acts.

12.     On behalf of the Class as defined herein, Plaintiff seeks an order compelling Defendant to, *inter alia*: (1) cease packaging, distributing, advertising and selling the Products in violation of U.S. FDA regulations and California consumer protection law; (2) re-label or recall all existing deceptively packaged Products; (3) conduct a corrective advertising campaign to fully inform California consumers; (4) award Plaintiff and other Class members restitution, actual damages, and punitive damages; and (5) pay all costs of suit, expenses, and attorney fees.

### III.   **PARTIES**

13.     Defendant Ferrara Candy Company, Inc. ("Ferrara" or "Defendant") is an Illinois corporation with its principal place of business at 1 Tower Lane #2700, Oakbrook Terrace, Illinois, 60181.

14.     Ferrara is registered with the California Secretary of State to do business in California as entity number C3703442.

15.     Ferrara manufactures, advertises, markets, distributes, and sells the Products in California and throughout the United States. Ferrara distributes its Products in California from its corporate office located at 1 Tower Lane #2700, Oakbrook Terrace,

Illinois, 60181.  Ferrara, directly and through its agents, has substantial contacts with and derives substantial benefits and income from and through the State of California.

16.     Plaintiff Jessica Littlejohn is a resident and citizen of San Diego County, California, and purchased the Products multiple times in San Diego County and southern California for personal and household consumption.

## IV.     FACTUAL ALLEGATIONS

### A. Defendant Does Not Disclose That the Products Contain Artificial Flavors.

17.     Defendant manufactures, distributes, and sells a variety of sweet and tart flavored candies under the brand name, "SweeTARTS" (the "Products").

18.     The Products all contain artificial flavors but Defendant does not disclose this to consumers; they label and advertise the Products as if they were only naturally-flavored.

19.     Below is a true and accurate representation of the front-of-package labeling of one of the Products, taken from Defendant's promotional advertising for the Products.



*Jessica Littlejohn v. Ferrara Candy Company, Inc.*
FIRST AMENDED CLASS ACTION COMPLAINT

20. The Products' labels claim that it contains "*NO ARTIFICIAL FLAVORS*."

21. This is false.

22. The Products all contain a synthetic flavoring chemical identified in the ingredient list as "malic acid."

23. This "malic acid" is a synthetic petrochemical that confers a "tart, fruit-like" flavor and simulates the flavor of actual fruit.

24. The Products' labels violate California law in multiple regards.

25. First, because the Products contain artificial flavoring ingredients that simulate and reinforce the characterizing flavor, the front label is required by law to disclose those additional flavors rather than state, as it does, that the Products contain no artificial flavors. Cal. Heath & Saf. Code § 109875 *et seq.* (Sherman Law), incorporating 21 C.F.R. § 101.22.[1]

26. The Products' labels state that they contain "*NO ARTIFICIAL FLAVORS*." By operation of California law, this label falsely informs consumers that the Product is flavored <u>only</u> with natural ingredients.

27. Further, the Products' ingredient list violates state and federal law because it misleadingly identifies the malic acid ingredient only as the generic "malic acid" instead of using the specific, non-generic name of the ingredient. *See* 21 C.F.R. § 101.4(a)(1).

28. FDA regulations provide that ingredients "shall be listed by common or usual name" <u>and</u> that "[t]he name of the ingredient shall be listed by a specific name and not a collective (generic) name." 21 C.F.R. § 101.4(a)(1) & (b). It is clear that there are two forms of malic acid, therefore, d-l malic acid is the specific name for one type of malic acid and its use in the Product should be specifically labeled on the Products' label.

---

[1] California's Sherman Food, Drug, and Cosmetic Act, Cal. Health & Saf. Code § 109875 *et seq.*, incorporates into California law all regulations enacted pursuant to the U.S. Food Drug and Cosmetic Act. An act or omission that would violate an FDCA regulation necessarily therefore violates California's Sherman Law. *Id.* at § 110100. Regulatory citations in text are to California's Sherman Law and reference the corresponding federal regulation for convenience.

29.     Far more deceptive, however, is the fact that the Products claim on the front label that they contain "*NO ARTIFICIAL FLAVORS*."

30.     The Products all contain an artificial flavor made from petrochemicals.

31.     Defendant Ferrara includes the industrial chemical d-l malic acid[2] in the Products, in a racemic mixture of d- and l-isomers.  This ingredient helps make the Products taste more like fruit.

32.     There are two forms of malic acid: l-malic acid, which "occurs naturally in various foods" and d-l malic acid, which does not occur naturally and is instead made commercially.  21 C.F.R. § 184.1069(a).

33.     This "malic acid" is not a naturally-occurring compound but is in fact manufactured in petrochemical plants from benzene or butane – components of gasoline and lighter fluid, respectively – through a series of chemical reactions, some of which involve highly toxic chemical precursors and byproducts.

34.     Both the natural and unnatural forms of malic acid are considered GRAS (generally recognized as safe) for use as flavorings; the d-malic acid form, however, has never been thoroughly studied for its health effects in human beings.

35.     Both forms provide a "tart, fruity" flavor when added to food products.[3]

36.     Defendant uses the artificial form, d-l malic acid, but pretends otherwise, conflating the natural and the artificial flavorings and deceiving consumers.

37.     Because the Products contain an artificial flavoring chemical, federal and state law require both front- and back-label disclosures to inform consumers.

38.     They have neither.

39.     The labels in fact falsely advertise "*NO ARTIFICIAL FLAVORS*."

40.     California law, incorporating U.S. Food, Drug, and Cosmetic Act regulations by reference, requires that a food's label accurately describe the nature of the food product and its characterizing flavors. 21 C.F.R. § 102.5(a).

---

[2] D-malic acid is also called d-hydroxybutanedioic acid or (R)-(+)-2-Hydroxysuccinic acid.
[3] https://thechemco.com/chemical/malic-acid/; last visited Mar. 20, 2018.

41.   Under FDA regulations, a recognizable primary flavor identified on the front label of a food Product is referred to as a "characterizing flavor." 21 C.F.R. § 101.22.

42.   FDA regulations and California law hold that if "the label, labeling, or advertising of a food makes any direct or indirect representations with respect to the primary recognizable flavor(s), by word, vignette, e.g., depiction of a fruit, or other means" then such flavor is considered the "characterizing flavor." 21 C.F.R. § 101.22(i).

43.   "Fruit-flavored" is a primary recognizable flavor identified on the Products' front labels. This is therefore a characterizing flavor under California law.

44.   If a product's characterizing flavor is not created exclusively by the characterizing flavor ingredient, the product's front label must state that the product's flavor was simulated or reinforced with either or both natural or artificial flavorings. If any artificial flavor is present which "simulates, resembles or reinforces" the characterizing flavor, the food must be prominently labeled as "Artificially Flavored." 21 C.F.R. § 101.22(i) (3), (4).

45.   A food product's label also must include a statement of the "presence or absence of any characterizing ingredient(s) or component(s) . . . when the presence or absence of such ingredient(s) or component(s) in the food has a material bearing on price or consumer acceptance . . . and consumers may otherwise be misled about the presence or absence of the ingredient(s) or component(s) in the food." 21 C.F.R. § 102.5(c).

46.   Such statements must be in boldface print on the front display panel and of sufficient size for an average consumer to notice. *Id.*

47.   The Products' synthetic d-l malic acid simulates, resembles, and reinforces the characterizing fruit flavor for the Products.

48.   Under these regulations, Defendant was required to display prominently on the Products' front labels a notice sufficient to allow California consumers to understand that the Products contained artificial flavoring.

49.   Defendant failed to do so, deceiving consumers and violating California law.

50.   Accordingly, Plaintiff was unaware that the Products contained artificial

flavoring when she purchased them.

51.     When purchasing the Products, Plaintiff was seeking a product of particular qualities, one that was flavored only with the natural ingredients claimed on the label and which did not contain artificial flavoring.

52.     Plaintiff is not alone in these purchasing preferences. As reported in Forbes Magazine, 88% of consumers polled recently indicated they would pay more for foods perceived as natural or healthy. "All demographics [of consumers]—from Generation Z to Baby Boomers—say they would pay more" for such products, specifically including foods with no artificial flavors.[4]

53.     Defendant Ferrara itself conducted research on their candy brands and stated it "tried 50 different formulations over eight months to find colors from natural sources that worked in its gummy bears before settling on spirulina extract and carrot juice to get green and orange colors, respectively."[5]

54.     Defendant thereupon began advertising the Products as having "*No Artificial Flavors*" – they didn't remove the artificial flavor, they just didn't disclose it to consumers.

55.     California's Health & Safety Code states that "[a]ny food is misbranded if it bears or contains any artificial flavoring, artificial coloring, or chemical preservative, unless its labeling states that fact." Cal. Health & Saf. Code § 110740.

56.     California law required Defendant to include sufficient notice on the Products' labels to alert California consumers that the Products are artificially flavored.

57.     Defendant failed to do so.

58.     Because the Products violated California labeling law, they were misbranded when distributed or offered for sale in California.

59.     Accordingly, Defendant's misbranded Products were illegal to distribute or

---

[4] *Consumers Want Healthy Foods--And Will Pay More For Them*, FORBES MAGAZINE (Feb. 15, 2015), https://www.forbes.com/sites/nancygagliardi/2015/02/18/consumers-want-healthy-foods-and-will-pay-more-for-them/#4b8a6b4b75c5; last visited Mar. 9, 2018.
[5] https://www.wsj.com/articles/how-big-food-is-using-natural-flavors-to-win-consumer-favor-1448989427; last visited June 29, 2018.

sell in California. Cal. Health & Safety Code § 110740; § 110760; § 110765.

60.     Plaintiff and the Class lost money as a result of Defendant's conduct because they were induced to purchase Products that contained undisclosed artificial flavors and to pay a price premium for those Products.

61.     John Compton, the CEO of a competing snack food manufacturer, spoke to investors at the Morgan Stanley Consumer & Retail Conference, stating, "We have talked extensively to consumers about this idea, and they come back and tell us the number one motivation for purchase is products that claim to be all natural."

62.     Defendant's labeling and advertising reflects those consumer preferences – not by making the Products solely with natural ingredients, but instead by concealing the fact that the Products are artificially flavored.

63.     Table 1, below, lists the Products included in this Action.

### Table 1: The Products

| |
| --- |
| SweeTARTS Original |
| SweeTARTS Mini Chewy |
| SweeTARTS Giant Chewy |
| SweeTARTS Chews |
| SweeTARTS Extreme Sour Chewy |
| SweeTARTS Chewy Sours |
| SweeTARTS Sour Gummies |
| SweeTARTS Gummies |
| SweeTARTS Whipped & Tangy |
| SweeTARTS Cherry Punch Soft & Chewy Ropes |
| SweeTARTS Tangy Strawberry Soft & Chewy Ropes |
| SweeTARTS Jelly Beans |

64.     Each of these Products contain the artificial flavoring chemical d-l malic

8

acid but promises "*NO ARTIFICIAL FLAVORS*" on the package label. Each is therefore falsely and deceptively labeled and advertised and misbranded under California law.

65.     Each of these Products' labels deceived consumers into paying a price premium for an artificially-flavored product that was worth less than the naturally-flavored product promised by the labels.

**B. Defendant's Competitors Label Their Products Lawfully.**

66.     Defendant not only deceived consumers but also gained an unfair commercial advantage in the marketplace by labeling the Products deceptively.

67.     Manufacturers of competing products label their products lawfully by labeling their artificially-flavored candies as "Artificially Flavored."

68.     Other competing major manufacturers, offering products whose labels suggest, as Defendant's do, that their products are naturally flavored truly are flavored only with natural ingredients.

69.     Defendant, however, conceals their use of artificial flavoring, deceiving consumers, illegally cutting costs and increasing profits, and competing unfairly and unlawfully in the marketplace, hurting their competitors as well as consumers.

70.     Defendant's conduct injures competing manufacturers that do not engage in the same illegal behavior. These manufacturers compete for market share and limited shelf space, as well as for consumers' buying preferences and dollars.

71.     Defendant's competitors do so lawfully. Defendant does not.

**C. Plaintiff's Purchases of the Misbranded Products**

72.     Plaintiff Littlejohn purchased various SweeTARTS Products, including SweeTARTS Original, SweeTARTS Giant Chewy, and SweeTARTS Chewy Sours in California during the Class Period.

73.     Plaintiff purchased several varieties of the Products multiple times, most recently the SweeTARTS Chewy Sours at the 7-Eleven located at 7607 Broadway, Lemon Grove, California.

74.     Plaintiff and the Class members purchased the Products at the marked retail

9

prices, which generally ranged during the Class Period from $1.00 to $3.50 per retail package. The Products are offered in varied sizes, including, but not limited to 1.8-oz tubes, 5-oz boxes, and 12-oz bags.

75.    Plaintiff's most recent purchase was on or about March 2018.

76.    Plaintiff first discovered Defendant's unlawful acts described herein in March 2018, when she learned the Product's characterizing flavor was deceptively created or reinforced using artificial flavoring even though Defendant failed to disclose that fact on the Products' label.

77.    Plaintiff was deceived by and relied upon the Products' deceptive labeling, and specifically the omission of the fact that it contained artificial flavorings. Plaintiff purchased the Product believing it was naturally-flavored, based on the Products' deceptive labeling and failure to disclose that it was artificially flavored.

78.    Plaintiff and the Class members, as reasonable consumers, are not required to subject consumer food products to laboratory analysis, to scrutinize the back of the label to discover that the product's front label is false and misleading, or to search the label for information that state and federal regulations require be displayed prominently on the front – and, in fact, under state law are entitled to rely on statements that Defendant deliberately placed on the Product's labeling.

79.    Defendant, but not Plaintiff or the Class, knew or should have known that this labeling was in violation of federal regulations and state law.

80.    Because Plaintiff and Class members reasonably assumed the Products to be free of artificial flavoring based on the Products' labels, they did not receive the benefit of their purchases. Instead of receiving the benefit of products free of artificial flavoring, each received a Product that was unlawfully labeled and deceived the consumer into believing that it was exclusively naturally flavored and contained no artificial flavoring, in violation of state and federal labeling regulations.

81.    Plaintiff would not have purchased the Product in the absence of Defendant's misrepresentations and omissions. Had Defendant not violated California law, Plaintiff

would not have been injured.

82.     The Products were worth less than what Plaintiff and the Class paid for them, and Class members would not have paid as much as they have for the Products absent Defendant's false and misleading statements and omissions.

83.     Plaintiff lost money as a result of Defendant's unlawful behavior. Plaintiff altered her position to her detriment and suffered loss in an amount equal to the amount of the price premium paid for the Product relative to the price had the Products been accurately labeled or the price of other similar products lawfully labeled.

84.     Plaintiff intends to, desires to, and will purchase the Product again when she can do so with the assurance that the Products' labels, which indicate that the Products are naturally-flavored and contain no artificial flavors, are lawful and consistent with the Products' ingredients.

## V.     DELAYED DISCOVERY

85.     Plaintiff did not discover that Defendant's labeling of the Products was false and misleading until March 2018, when she learned the Products contained undisclosed artificial flavoring.

86.     Plaintiff and the Class are reasonably diligent consumers who exercised reasonable diligence in their purchase and consumption of the Products. Nevertheless, they would not have been able to discover Defendant's deceptive practices and lacked the means to discover them given that, like nearly all consumers, they rely on and are entitled to rely on the manufacturer's obligation to label its products in compliance with federal regulations and state law. Furthermore, Defendant's labeling practices and non-disclosures—in particular, failing to identify the artificial flavor in the ingredient list, or to disclose that the Product contained artificial flavoring, or to accurately identify the kind of malic acid that Defendant put in the Product—impeded Plaintiff's and the Class members' abilities to discover the deceptive and unlawful labeling of the Product throughout the Class Period.

87.     Because Defendant actively concealed their illegal conduct, preventing

11

Plaintiff and the Class from discovering their violations of state law, Plaintiff and the Class are entitled to delayed discovery and an extended Class Period tolling the applicable statute of limitations.

## VI.   <u>CLASS ACTION ALLEGATIONS</u>

88.   Plaintiff brings this action on behalf of herself and all others similarly situated (the "Class") pursuant to Federal Rule of Civil Procedure 23.

89.   The Class is defined as follows:

> All California citizens who purchased the Products in California on or after January 1, 2012 until the date notice to the Class is disseminated in this action, excluding Defendant and Defendant's officers, directors, employees, agents and affiliates, and the Court and its staff.

90.   During the Class Period, the Products unlawfully contained the undisclosed artificial flavors d-malic acid or d-l malic acid and were otherwise improperly labeled as alleged herein. Defendant failed to label the Products as required by California law and the Class was damaged as described herein.

91.   The proposed Class meets all criteria for a class action, including numerosity, typicality, superiority, and adequacy of representation.

92.   The proposed Class satisfies numerosity. The Products are offered for sale at over a thousand supermarkets in California; the Class numbers at a minimum in the tens of hundreds or thousands. Individual joinder of the Class members in this action is impractical. Addressing the Class members' claims through this class action will benefit Class members, the parties, and the courts.

93.   The proposed Class satisfies typicality. Plaintiff's claims are typical of and are not antagonistic to the claims of other Class members. Plaintiff and the Class members all purchased the Products, were deceived by the false and deceptive labeling, and lost money as a result, purchasing a Product that was illegal to sell in California.

94.   The proposed Class satisfies superiority. A class action is superior to any

12

other means for adjudication of the Class members' claims because each Class member's claim is modest, based on the Product's retail purchase price which is generally under $5.00. It would be impractical for individual Class members to bring individual lawsuits to vindicate their claims.

95.    Because Defendant's misrepresentations were made on the label of the Products themselves, all Class members including Plaintiff were exposed to and continue to be exposed to the omissions and affirmative misrepresentations. If this action is not brought as a class action, Defendant can continue to deceive consumers and violate California law with impunity.

96.    The proposed Class representative satisfies adequacy of representation. The Plaintiff is an adequate representative of the Class as she seeks relief for the Class, her interests do not conflict with the interests of the Class members, and she has no interest antagonistic to those of other Class members. Plaintiff has retained counsel competent in the prosecution of consumer fraud and class action litigation.

97.    There is a well-defined community of interest in questions of law and fact common to the Class, and these predominate over any individual questions affecting individual Class members in this action.

98.    Questions of law and fact common to Plaintiff and the Class include:

    a.    Whether Defendant failed to disclose the presence of the artificial flavoring ingredient d-l malic acid in the Products;

    b.    Whether Defendant's label statement, "No Artificial Flavors" was a false or misleading statement of fact;

    c.    Whether Defendant's labeling omissions and representations constituted false advertising under California law;

    d.    Whether Defendant's conduct constituted a violation of California's Unfair Competition Law;

    e.    Whether Defendant's conduct constituted a violation of California's Consumer Legal Remedies Act;

13

f.  Whether Defendant's label statement, "No Artificial Flavors" was an affirmative representation of the Product's composition and conveyed an express warranty;

g.  Whether Defendant's conduct constitutes a breach of implied warranties under California's Commercial Code;

h.  Whether Defendant's conduct violates U.S. Food and Drug Administration labeling regulations;

i.  Whether the statute of limitations should be tolled on behalf of the Class;

j.  Whether the Class is entitled to restitution, rescission, actual damages, punitive damages, attorneys' fees and costs of suit, and injunctive relief; and

k.  Whether members of the Class are entitled to any such further relief as the Court deems appropriate.

99.   Plaintiff will fairly and adequately protect the interests of the Class, has no interests that are incompatible with the interests of the Class, and has retained counsel competent and experienced in class litigation.

100.   Defendant has acted on grounds applicable to the entire Class, making final injunctive relief or declaratory relief appropriate for the Class as a whole.

101.  Class treatment is therefore appropriate under Federal Rule of Civil Procedure 23. Plaintiff will, if notice is required, confer with Defendant and seek to present the Court with a stipulation and proposed order on the details of a class notice plan.

///

///

///

///

14

# VII.   CAUSES OF ACTION

## I.

## FRAUD BY OMISSION

### CAL. CIV. CODE §§ 1709-1710

102.   Plaintiff re-alleges and incorporates by reference the allegations made elsewhere in the Complaint as if set forth in full herein.

103.   Defendant actively concealed material facts, in whole or in part, with the intent to induce Plaintiff and the members of the Class to purchase the Products. Specifically, Defendant actively concealed the truth about the Products by not disclosing the existence of artificial flavoring ingredients on the front label of the Products as is required by California and federal law.

104.   Plaintiff and the Class were unaware of these omitted material facts and would not have purchased the Products, or would have paid less for the Products, if they had known of the concealed facts.

105.   Plaintiff and the Class suffered injuries that were proximately caused by Defendant's active concealments and omissions of material facts.

106.   Defendant's fraudulent concealments and omissions were a substantial factor in causing the harm suffered by Plaintiff and the Class members as they would not have purchased the products at all if all material facts were properly disclosed.

## II.

## NEGLIGENT MISREPRESENTATION

### CAL. CIV. CODE §§ 1709-1710

107.   Plaintiff re-alleges and incorporates by reference the allegations made elsewhere in the Complaint as if set forth in full herein.

108.   Defendant had a duty to disclose to Plaintiff and the Class members the existence of artificial flavoring ingredients on the front labels of the Products pursuant to California and federal law. Defendant was in a superior position than Plaintiff and the Class members such that reliance by Plaintiff and the Class members was justified.

15

Defendant possessed the skills and expertise to know the type of information that would influence a consumer's purchasing decision.

109.   During the applicable Class period, Defendant negligently or carelessly misrepresented, omitted, and concealed from consumers material facts regarding the Products, including the existence of artificial flavoring ingredients.

110.   Defendant was careless in ascertaining the truth of their representations in that they knew or should have known that Plaintiff and the Class members would not have realized the true existence of artificial flavoring ingredients in the Products.

111.   Plaintiff and the Class members were unaware of the falsity of Defendant's misrepresentations and omissions and, as a result, justifiably relied on them when making the decision to purchase the Products.

112.   Plaintiff and the Class members would not have purchased the Products, or would have paid less for the Products, if the true facts had been known.

### III.

### VIOLATIONS OF THE CONSUMERS LEGAL REMEDIES ACT

### CAL. CIV. CODE §§ 1750, *et seq.*

113.   Plaintiff re-alleges and incorporates by reference the allegations made elsewhere in the Complaint as if set forth in full herein.

114.   The California Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.* ("CLRA") prohibits any unfair, deceptive and unlawful practices, and unconscionable commercial practices in connection with the sale of any goods or services to consumers.

115.   Plaintiff and the Class are "consumers" as defined by Cal. Civ. Code § 1761(d).

116.   The Products are a "good" as defined by Cal. Civ. Code § 1761.

117.   Defendant's failure to label the Products in accord with federal and state labeling regulations, omitting the required information that the Products contain artificial flavoring, was an unfair, deceptive, unlawful and unconscionable commercial practice.

118.   Defendant's conduct violates the Consumer Legal Remedies Act including

16

but not limited to, the following provisions:

§ 1770(a)(5): representing that goods have characteristics, uses, or benefits which they do not have.

§ 1770(a)(7): representing that goods are of a particular standard, quality, or grade if they are of another.

§ 1770(a)(9): advertising goods with intent not to sell them as advertised.

§ 1770(a)(16): representing the subject of a transaction has been supplied in accordance with a previous representation when it has not.

119.   As a result of Defendant's violations, Plaintiff and the Class suffered ascertainable losses in the form of the price premium they paid for the unlawfully labeled and marketed Products, which they would not have paid had the Products been labeled correctly, and in the form of the reduced value of the actual Products compared to the Products as advertised.

120.   On or about March 23, 2018, prior to filing this action, Plaintiff sent a CLRA notice letter to Defendant which complies with California Civil Code § 1782(a).  Plaintiff sent Defendant, individually and on behalf of the proposed Class, a letter via Certified Mail, advising Defendant that they are in violation of the CLRA and demanding that they cease and desist from such violations and make full restitution by refunding the monies received therefrom.  A copy of Plaintiff's March 23, 2018 CLRA letter is attached hereto as Exhibit 1.

121.   Wherefore, Plaintiff seeks injunctive relief for Defendant's violations of the CLRA.  If Defendant fails to take the corrective action detailed in Plaintiff's CLRA letter within thirty days of the date of the letter, then Plaintiff will seek leave to amend her complaint to add a claim for damages under the CLRA.

///

///

///

///

17

# IV.

## VIOLATIONS OF THE UNFAIR COMPETITION LAW
## (UNLAWFUL PRONG)

### CAL. BUS. & PROF. CODE §§ 17200, *et seq.*

122.   Plaintiff re-alleges and incorporates by reference each and every allegation contained elsewhere in this Complaint, as if fully set forth herein.

123.   Section 17200 of the California Business & Professions Code ("Unfair Competition Law" or "UCL") prohibits any "unlawful . . . business act or practice."

124.   The UCL borrows violations of other laws and statutes and considers those violations also to constitute violations of California law.

125.   Defendant's practices as described herein were at all times during the Class Period and continue to be unlawful under, *inter alia*, California's Sherman Law.

126.   Defendant's conduct in unlawfully labeling, advertising, and distributing the Products in commerce in California violated California law.

127.   The Products' labels fail to disclose that they contain synthetic artificial flavoring in violation of 21 C.F.R. § 101.22 and California's Sherman Law.

128.   The Products contain d-l malic acid.

129.   The d-l malic acid is an artificial flavoring material that creates, simulates, and reinforces the Products' characterizing fruit flavors.

130.   The d-l malic acid in the Products is not derived from a natural material as defined in 21 C.F.R. § 101.22 and is therefore by law an artificial flavor.

131.   Defendant fails to inform consumers of the presence of the artificial flavor in the Products, on either the front or back-label as required by law.

132.   Defendant's practices are therefore unlawful as defined in Section 17200.

///
///
///
///

*Jessica Littlejohn v. Ferrara Candy Company, Inc.*
FIRST AMENDED CLASS ACTION COMPLAINT

# V.

## VIOLATIONS OF THE UNFAIR COMPETITION LAW
## (UNFAIR PRONG)

### CAL. BUS. & PROF. CODE §§ 17200, *et seq.*

133.   Plaintiff re-alleges and incorporates by reference each and every allegation contained elsewhere in this Complaint as if fully set forth herein.

134.   Section 17200 of the California Business & Professions Code ("Unfair Competition Law" or "UCL") prohibits any "unfair . . . business act or practice."

135.   Defendant's practices violate the Unfair Competition Law "unfair" prong as well.

136.   Defendant's practices as described herein are "unfair" within the meaning of the California Unfair Competition Law because the conduct is unethical and injurious to California residents and the utility of the conduct to Defendant does not outweigh the gravity of the harm to consumers.

137.   While Defendant's decision to label the Products deceptively and in violation of California law may have some utility to Defendant in that it allows Defendant to sell the Products to consumers who otherwise would not purchase an artificially-flavored food product at the retail price or at all if it were labeled correctly, and to realize higher  profit margins than if they formulated or labeled the Product lawfully, this utility is small and far outweighed by the gravity of the harm Defendant inflicts upon California consumers.

138.   Defendant's conduct also injures competing food product manufacturers and sellers that do not engage in the same unlawful, unfair, and unethical behavior.

139.   Moreover, Defendant's practices violate public policy expressed by specific constitutional, statutory, or regulatory provisions, including the Sherman Law, the False Advertising Law, and the FDA regulations cited herein.

140.   Plaintiff's and the Class's purchases of the Products occurred in California.

141.   Defendant labeled the Products in violation of federal regulations  and California law requiring truth in labeling.

19

142.   Defendant consciously failed to disclose material facts to Plaintiff and the Class in Defendant's advertising and marketing of the Product.

143.   Defendant's conduct is unconscionable because, among other reasons, it violates 21 C.F.R. § 101.22(c), which requires all foods containing artificial flavoring to include:

> A statement of artificial flavoring . . . [which] shall be placed on the food or on its container or wrapper, or on any two or all three of these, as may be necessary to render such a statement likely to be read by the ordinary person under customary conditions of purchase and use of such food.

144.   Defendant's conduct is "unconscionable" because it violates, *inter alia*, 21 C.F.R. § 101.22(c), which requires all food products for which artificial flavoring provides a characterizing flavor to disclose this fact prominently on the product's front label.

145.   Defendant intended that Plaintiff and the Class rely on Defendant's acts or omissions so that Plaintiff and the other Class members would purchase the Products.

146.   Had Defendant disclosed all material information regarding the Products in product advertising and marketing, Plaintiff and the Class either would not have purchased the Products or would have paid less than they did for the Products.

147.   Plaintiff and Class members suffered injury in fact and lost money or property as a result of Defendant's deceptive advertising: they were denied the benefit of the bargain when they decided to purchase the Product based on Defendant's violation of the applicable laws and regulations, or to purchase the Product in favor of competitors' products, which are less expensive, contain no artificial flavoring, or are lawfully labeled.

148.   Plaintiff suffered an ascertainable loss of money. The acts, omissions and practices of Defendant detailed herein proximately caused Plaintiff and other members of the Class to suffer an ascertainable loss in the form of, *inter alia*, monies spent to purchase the Products they otherwise would not have at the prices charged, and they are entitled to recover such damages, together with appropriate penalties, including

restitution, damages, attorneys' fees and costs of suit.

149.   Section 17200 also prohibits any "unfair, deceptive, untrue or misleading advertising." For the reasons set forth above, Defendant engaged in unfair, deceptive, untrue and misleading advertising and violated Business & Professions Code § 17200.

150.   Pursuant to California Business & Professions Code § 17203, Plaintiff seeks an order requiring Defendant to immediately cease such acts of unlawful, unfair and fraudulent business practices and requiring Defendant to return the amount of money improperly collected to all those who purchased the Products.

## VI.

## VIOLATIONS OF THE FALSE ADVERTISING LAW

### CAL. BUS. & PROF. CODE §§ 17500, *et seq.*

151.   Plaintiff re-alleges and incorporates by reference each and every allegation contained elsewhere in this Complaint as if fully set forth herein.

152.   Defendant made, distributed, and advertised in California  and in interstate commerce, Products that unlawfully fail to disclose artificial flavoring on the packaging as required by federal food labeling regulations.

153.   The Products' labeling and advertising in California falsely describe it as if it were naturally-flavored and advertises that the Products contain "No Artificial Flavors."

154.  Under California's False Advertising Law ("FAL"), Business and Professions Code § 17500, *et seq.*,

> "It is unlawful for any person, firm, corporation or association, or any
> employee thereof with intent directly or indirectly to dispose of real or
> personal property . . .  to make or disseminate or cause to be made or
> disseminated before the public in this state, or to make or disseminate
> or cause to be made or disseminated from this state before the public in
> any state, in any newspaper or other publication, or any advertising
> device . . . any statement, concerning that real or personal property . . .
> which is untrue or misleading, and which is known, or which by the

exercise of reasonable care should be known, to be untrue or misleading. . . ." Cal. Bus. & Prof. Code § 17500.

155.   Defendant's labeling and advertising statements, communicating to consumers that the Products contain "No Artificial Flavors" and concealing the fact that they contain a synthetic artificial flavor, were untrue and misleading and Defendant at a minimum, by the exercise of reasonable care, should have known those actions were false or misleading.

156.   Defendant's conduct violated California's False Advertising Law.

## VII.

## BREACH OF EXPRESS WARRANTIES

### CAL. COMM. CODE § 2313

157.   Plaintiff re-alleges and incorporates by reference the allegations found elsewhere in the Complaint as if set forth in full herein.

158.   The Products' labels warrant that the Product has "No Artificial Flavors."

159.   The Products' front labels also misleadingly advertise by operation of California law that the Products are flavored only with natural flavors.

160.   These promises became part of the basis of the bargain between the parties and thus constituted an express warranty, which Defendant breached; the Products are artificially flavored.

161.   Defendant sold the goods to Plaintiff and other consumers who bought the goods from Defendant.

162.   As a result, Plaintiff and other consumers did not receive goods as warranted by Defendant.

163.   Within a reasonable amount of time after Plaintiff discovered that the Product contained synthetic ingredients, Plaintiff notified the Defendant of such breach.

164.   As a proximate result of this breach of warranty by Defendant, Plaintiff and other consumers have been damaged in an amount to be determined at trial.

165.   As a result, Plaintiff, the Class, and the general public are entitled to

injunctive and equitable relief, restitution, and an order for the disgorgement of the funds by which Defendant was unjustly enriched.

## VIII.

## BREACH OF IMPLIED WARRANTIES

CAL. COMM. CODE § 2314

166.   Plaintiff re-alleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

167.   Defendant's label representations also created implied warranties that the product was suitable for a particular purpose, specifically as a naturally-flavored food product. Defendant breached this warranty as well.

168.   The Products' front labels misleadingly imply that the Products are flavored with the natural ingredients comprising the characterizing flavors.

169.   As alleged in detail above, at the time of purchase Defendant had reason to know that Plaintiff, as well as all members of the Class, intended to use the Product as a naturally-flavored food product.

170.   This became part of the basis of the bargain between the parties.

171.   Based on that implied warranty, Defendant sold the goods to Plaintiff and other Class members who bought the goods from Defendant.

172.   At the time of purchase, Defendant knew or had reason to know that Plaintiff and the Class members were relying on Defendant's skill and judgment to select or furnish a product that was suitable for this particular purpose, and Plaintiff justifiably relied on Defendant's skill and judgment.

173.   The Products were not suitable for this purpose.

174.   Plaintiff purchased the Product believing it had the qualities Plaintiff sought, based on the deceptive advertising and labeling, but the Product was actually unsatisfactory to Plaintiff for the reasons described herein.

175.   The Products were not merchantable in California, as they were not of the same quality as similar products in the product category generally acceptable in the trade.

23

176.   The Products would not pass without objection in the trade when packaged with the existing labels, because the Products were misbranded and illegal to sell in California. Cal. Comm. Code § 2314(2)(a).

177.   The Products also were not acceptable commercially and breached the implied warranty because they were not adequately packaged and labeled as required. Cal. Comm. Code § 2314(2)(e).

178.   The Products also were not acceptable commercially and breached the implied warranty because they did not conform to the promises or affirmations of fact made on the container or label, Cal. Comm. Code § 2314(2)(f), and other grounds as set forth in Commercial Code section 2314(2).

179.   By offering the Products for sale and distributing the Products in California, Defendant also warranted that the Products were not misbranded and were legal to purchase in California. Because the Products were misbranded in several regards and were therefore illegal to sell or offer for sale in California, Defendant breached this warranty as well.

180.   As a result of this breach, Plaintiff and other California consumers did not receive goods as impliedly warranted by Defendant.

181.   Within a reasonable amount of time after the Plaintiff discovered that  the Products contained synthetic ingredients, Plaintiff notified the Defendant of such breach.

182.   As a proximate result of this breach of warranty, Plaintiff and other California consumers have been damaged in an amount to be determined at trial.

183.   As a result, Plaintiff, the Class, and the general public are entitled to injunctive and equitable relief, restitution, and an order for the disgorgement of the funds by which Defendant was unjustly enriched.

## VIII.   **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated in California, and the general public, prays for judgment against Defendant as follows:

A.      An order confirming that this action is properly maintainable as a class action

24

as defined above;

B.    An order appointing Plaintiff as class representative of the Class, and The Law Office of Ronald A. Marron as counsel for the Class;

C.    An order requiring Defendant to bear the cost of Class notice;

D.    An order declaring that the conduct complained of herein violates the CLRA;

E.    An order declaring that the conduct complained of herein violates the UCL;

F.    An order declaring that the conduct complained of herein violates the FAL;

G.    An order declaring that the conduct complained of herein breached express warranties, implied warranties, or both;

H.    An order requiring Defendant to disgorge any benefits received from Plaintiff and any unjust enrichment realized as a result of the improper and misleading labeling, advertising, and marketing of the Products;

I.    An order requiring Defendant to pay restitution and damages to Plaintiff and Class members so that they may be restored any money which was acquired by means of any unfair, deceptive, unconscionable or negligent acts;

J.    An award of punitive damages in an amount to be proven at trial;

K.    An order enjoining Defendant's deceptive and unfair practices;

L.    An order requiring Defendant to conduct corrective advertising;

M.    An award of pre-judgment and post-judgment interest;

N.    An award of attorney fees and costs; and

O.    Such other and further relief as this Court may deem just, equitable, or proper.

///
///
///
///
///
///
///

## IX.    <u>JURY DEMAND</u>

Plaintiff demands a trial by jury on all claims for damages. Plaintiff does not seek a jury trial for claims sounding in equity.

DATED: July 6, 2018                       Respectfully Submitted,

                                          */s/ Ronald A. Marron*
                                          Ronald A. Marron

                                          **LAW OFFICES OF RONALD A. MARRON**
                                          Ronald A. Marron
                                          *ron@consumersadvocates.com*
                                          Michael T. Houchin
                                          *mike@consumersadvocates.com*
                                          651 Arroyo Drive
                                          San Diego, CA 92103
                                          Telephone: (619) 696-9006
                                          Fax: (619) 564-6665
                                          ***Counsel for Plaintiff and the Proposed Class***

*Jessica Littlejohn v. Ferrara Candy Company, Inc.*
FIRST AMENDED CLASS ACTION COMPLAINT