# <u>EXHIBIT 1</u>

1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

9
10
11
12
13
14
15
16
17
18
19
20
21
22

| | |
|---|---|
| JESSICA LITTLEJOHN, on behalf of herself, all others similarly situated, and the general public,<br><br>                              Plaintiff,<br><br>      v.<br><br>FERRARA CANDY COMPANY,  an Illinois Corporation,<br><br>                              Defendant. | Case No. 3:18-cv-00658-AJB-WVG<br><br>**CLASS ACTION**<br><br>**CLASS ACTION SETTLEMENT AGREEMENT**<br><br>Judge:   Hon. Anthony J. Battaglia |

23
24
25
26
27
28

-1-

This Class Action Settlement Agreement (the "Agreement") is made and entered into by and between Plaintiff Jessica Littlejohn, the Representative Plaintiff, on behalf of herself and the proposed class in this action, and Defendant Ferrara Candy Company ("Ferrara" or "Defendant") (collectively the "Parties") to settle and compromise this action, and settle, resolve, and discharge the Released Claims, as defined below, according to the terms and conditions herein.

**RECITALS**

**I.   PROCEDURAL BACKGROUND**

1.1    WHEREAS, on April 2, 2018, Plaintiff filed an action in the United States District Court for the Southern District of California against Nestle USA, Inc. ("Nestle") bringing claims for fraud by omission (Civ. Code §§ 1709-1710), negligent misrepresentation (Civ. Code §§ 1709-1710), violations of California's Consumer Legal Remedies Act, (Civ. Code § 1750, *et seq.* ["CLRA"]), violations of California's Unfair Competition Law (Bus. & Prof. Code § 17200, *et seq.* ["UCL"]), violations of California's False Advertising Law (*id.* § 17500, *et seq.* ["FAL"]), and Breach of Express and Implied Warranties relating to various SweeTARTS candy products (Dkt. No. 1).

1.2    WHEREAS, on June 6, 2018, Plaintiff and the Ferrara Candy Company filed a Joint Motion to Substitute Ferrara as the Defendant in the action and for leave for Plaintiff to file a First Amended Complaint based on Ferrara's representations that Ferrara has assumed Nestle's rights and obligations as to the SweeTARTS brand, including in connection with this lawsuit (Dkt. No. 10).

1.3    WHEREAS, on June 7, 2018, the Court granted the Parties' Joint Motion to substitute Ferrara as the Defendant in this action and granted Plaintiff leave to file a First Amended Complaint (Dkt. No. 11);

1.4    WHEREAS, on July 6, 2018, Plaintiff filed a First Amended Complaint against Ferrara bringing substantially similar claims to those previously alleged against Nestle (Dkt. No. 12);

-1-

1.5    WHEREAS, on October 12, 2018, the Parties attended a full day mediation session before the Honorable Judge Jay C. Gandhi (Ret.) where they agreed to the principal terms of a class action settlement;

1.6    WHEREAS, based upon the discovery taken to date, investigation, and evaluation of the facts and law relating to the matters alleged in the pleadings, plus the risks and uncertainties of continued litigation and all factors bearing on the merits of settlement, Plaintiff and Ferrara have agreed to settle the claims asserted in the Action pursuant to the provisions of this Agreement.

**NOW THEREFORE**, subject to the final approval of the Court as required herein and by applicable law and rules, the Settling Parties hereby agree, in consideration of the mutual promises and covenants contained herein, and for other good and valuable consideration, the sufficiency of which is hereby acknowledged, that any Released Claims against any Released Parties shall be settled, compromised and forever released upon the following terms and conditions.

## TERMS AND CONDITIONS OF SETTLEMENT

**I.    DEFINITIONS**

As used herein, the following terms have the meanings set forth below.

1.1    "CAFA Notice" means the notice of this settlement to the appropriate federal and state officials in the United States, as provided by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and as further described in Section 5.5.

1.2    "Class" means all United States consumers who purchased SweeTARTS® Products, including those listed below, for household or personal use and not for resale, from January 1, 2012 until the Class is certified:

- SweeTARTS Original
- SweeTARTS Mini Chewy
- SweeTARTS Giant Chewy
- SweeTARTS Chews
- SweeTARTS Extreme Sour Chewy

-2-

- SweeTARTS Chewy Sours
- SweeTARTS Sour Gummies
- SweeTARTS Gummies
- SweeTARTS Whipped & Tangy
- SweeTARTS Cherry Punch Soft & Chewy Ropes
- SweeTARTS Tangy Strawberry Soft & Chewy Ropes
- SweeTARTS Jelly Beans

Excluded from the Class are (1) any judicial officer presiding over *Littlejohn*; (2) the Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, and employees; (3) legal representatives, successors or assigns of any such excluded person; and (4) persons who properly execute and file a timely request for exclusion.

1.3    "Class Period" means January 1, 2012 through the date of class certification, as designated by the Court in its Preliminary Approval Order.

1.4    "Class Counsel" means Plaintiff's counsel of record in the Litigation, the Law Offices of Ronald A. Marron, APLC.

1.5    "Class Member" means a Person who falls within the definition of the Class set forth in Section 1.2.

1.6    "Court" means the United States District Court for the Southern District of California.

1.7    "Defendant" means the Ferrara Candy Company.

1.8    "Defense Counsel" means Defendant's counsel of record in the Litigation, Davis Polk & Wardwell LLP.

1.9    "Effective Date" means the first date by which any Judgment entered pursuant to the Agreement becomes Final, except as specifically provided in Sections 1.10 and 9.2 of this Agreement.

1.10   "Final" means (a) if no appeal from the Judgment is filed, the date of expiration of the time for the filing or noticing of any appeal from the Judgment; or (b) if an appeal from the Judgment is filed, and the Judgment is affirmed or the appeal dismissed, the date of such affirmance or dismissal; or (c) if a petition for a writ of certiorari is filed and denied, the date the petition is denied; or (d) if a petition for a writ of certiorari is filed and granted, the date of final affirmance or final dismissal of the review proceeding initiated by the petition for a writ of certiorari. Any proceeding or order, or any appeal or petition for a writ of certiorari pertaining solely to any application for attorneys' fees or expenses will not in any way delay or preclude the Judgment from becoming Final, and the Parties' obligations as set forth in Section 9.2 are not dependent on the Judgment becoming Final.

1.11   "Judgment" means the judgment to be entered by the Court pursuant to the Settlement.

1.12   "Litigation" means *Littlejohn v. Ferrara Candy Company*, No. 3:18-cv-00658-AJB-WVG, pending in the U.S. District Court for the Southern District of California.

1.13   "Notice" means a document, substantially in the form of **Exhibit A** hereto (the "Long Form Notice"), and "Summary Notice" means a document substantially in the form of **Exhibit B** hereto, to be disseminated in accordance with the Preliminary Approval Order, informing Persons who fall within the Class definition of, among other things, the pendency of the Litigation, the material terms of the proposed Settlement and their options with respect thereto.

1.14   "Notice Plan" means the method of providing the Class with notice of the Settlement, as approved by the Court.

1.15   "Notice Administrator" means the company selected by Plaintiff, Classaura, and approved by the Court to provide notice to the Class and CAFA Notice.

1.16  "Objection Deadline" means the date that is the end of the period to object to the Settlement, as established by the Court in the Preliminary Approval Order and set forth in the Notice and Section 8.5 of this Agreement.

1.17  "Parties" means the Representative Plaintiff and Defendant.

1.18  "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, any business or legal entity, and such individual's or entity's parents, subsidiaries, spouse, heirs, predecessors, successors, representatives, and assignees.

1.19  "Preliminary Approval Order" means an order, providing for, among other things, preliminary approval of the Settlement and dissemination of the Notice to the Class according to the Notice Plan.

1.20  "Products" means SweeTARTS products, including those listed below, manufactured and/or distributed by Defendant and sold in any variation, format, weight, or packaging:

- SweeTARTS Original
- SweeTARTS Mini Chewy
- SweeTARTS Giant Chewy
- SweeTARTS Chews
- SweeTARTS Extreme Sour Chewy
- SweeTARTS Chewy Sours
- SweeTARTS Sour Gummies
- SweeTARTS Gummies
- SweeTARTS Whipped & Tangy
- SweeTARTS Cherry Punch Soft & Chewy Ropes
- SweeTARTS Tangy Strawberry Soft & Chewy Ropes
- SweeTARTS Jelly Beans

1.21  "Released Claims" means all rights, actions, causes of action, suits, debts, dues, sums of money, accounts, liabilities, losses, obligations, fees, costs, reckonings, bonds, bills, specialties, controversies, agreements, contracts, variances, trespasses, damages, judgments, extensions, executions, claims, and demands whatsoever, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, hidden or concealed, matured or unmatured, that have been or could have been asserted, by or on behalf of the plaintiff or class members, including, without limitation, any claims, whether individual, class, direct, derivative, representative, legal, equitable, or in any other capacity, in any court, tribunal, or proceeding, arising under federal statutory or common law, state statutory or common law, local statutory or common law, or any law, rule or regulation, including the law of any jurisdiction outside the United States, that relate to claims arising out of the allegations of misleading statements or misrepresentations concerning the SweeTARTS Products involving a common factual predicate that is asserted in the Litigation.  The Released Claims shall extend to unknown claims pursuant to California Civil Code Section 1542 and like statutes from other states.  This release expressly does not extend to personal injury claims regarding the Products.

1.22  "Released Persons" means Defendant Ferrara Candy Company, each, any and all of its respective past, present, and future heirs, executors, estates, administrators, predecessors, including Nestlé USA, Inc., successors, assigns, parent companies, subsidiaries, affiliates, divisions, joint ventures, entities in which the Defendant has a controlling interest, holding companies, employees, agents, consultants, marketing partners, resellers, lead generators, telemarketers, independent contractors, insurers, reinsurers, directors, officers, partners, principals, attorneys, accountants, financial advisors, investors, investment bankers, underwriters, shareholders, auditors, legal representatives; and each and all of the past, present, and future parents, subsidiaries, affiliates, officers, directors,

-6-

1  principals, representatives, employees, agents, shareholders, attorneys, successors,
2  executors, and assigns of any of the foregoing entities.

3      1.23  "Representative Plaintiff" means Jessica Littlejohn.

4      1.24  "Settling Parties" means, collectively, Defendant, the Representative
5  Plaintiff, and all Class Members.

6      1.25  The plural of any defined term includes the singular, and the singular
7  of any defined term includes the plural, as the case may be.

8  **II.  DENIAL OF WRONGDOING**

9      Defendant denies the material factual allegations and legal claims asserted by
10  the Representative Plaintiff in the Litigation, including any and all charges of
11  wrongdoing or liability arising out of any of the conduct, statements, acts or
12  omissions alleged, or that could have been alleged, in the Litigation.  Similarly, this
13  Agreement provides for no admission of wrongdoing or liability by Ferrara, its past,
14  present and future officers, directors, employees, shareholders, subsidiaries, parents,
15  affiliates, accountants, advisers, agents, contractors, legal counsel, successors, heirs,
16  and assigns, including without limitation Nestle.  This Settlement is entered solely
17  to eliminate the uncertainties, burdens, and expenses of protracted litigation.

18  **III.  THE BENEFITS OF SETTLEMENT**

19      Class Counsel and the Representative Plaintiff recognize and acknowledge
20  the expense and length of continued proceedings that would be necessary to
21  prosecute the Litigation through trial and appeals.  Class Counsel also has taken into
22  account the uncertain outcome and the risk of any litigation, especially in complex
23  actions such as this Litigation, as well as the difficulties and delays inherent in such
24  litigation.  Class Counsel is mindful of the inherent problems of proof under the
25  claims and possible defenses to the claims asserted in the Litigation.  Class Counsel
26  believes that the proposed Settlement confers substantial benefits upon the Class.
27  Based on their evaluation of all of these factors, the Representative Plaintiff and

28

-7-

Class Counsel have determined that the Settlement is in the best interests of the Representative Plaintiff and the Class.

**IV.    SETTLEMENT CONSIDERATION**

    **4.1    Injunctive Relief**

    Defendant will provide the Class with injunctive relief by way of modification of the label and packaging for the Products as set forth in this Agreement. Specifically, Ferrara will implement the following modifications, for a period of two years following the date of final approval:

    4.1.1 Defendant will remove the phrase "No Artificial Flavors" from the SweeTARTS Product packaging and promotional materials (unless any such Product ceases to contain dl-malic acid as an ingredient)

    4.1.2 Defendants will identify "dl-malic acid" as an ingredient on the SweeTARTS Product packaging and promotional materials (for every Product that includes dl-malic acid as an ingredient).

    4.2    Defendant shall implement the injunctive relief described in Section 4.1 on SweeTARTS Product packaging and promotional and marketing material by December 31, 2019.

**V.    NOTICE**

    5.1.    Within seven (7) calendar days of entry of any Court Order granting preliminary approval to the Settlement, Class Counsel shall pay to the Notice Administrator the sum of $30,000 for the purpose of providing notice to the Class.

    5.2.    All costs and expenses of providing Notice in accordance with the Preliminary Approval Order ("Notice Costs") shall be paid by Plaintiff to Classaura ("Notice Administrator") as approved by the Court through its approval of the Notice Plan.

    5.3    Notice Costs incurred by the Notice Administrator shall not be chargeable to the Class and shall be borne solely by Defendant if the Settlement does not receive final approval.

5.4.    Class Counsel shall retain the Notice Administrator (including subcontractors) to help implement the terms of the Settlement Agreement.

5.5.    The Notice Administrator will facilitate the notice process by assisting the Parties in the implementation of the Notice Plan, as well as CAFA Notice.

5.6    The Notice Administrator shall be responsible for providing the Parties with assistance, as necessary, such as by preparing affidavits of work it has performed with respect to implementing the Class Notice, and providing regular updates to the Parties' counsel about the status of the Notice process.

5.7    **Class Settlement Website**

5.7.1  The Notice Administrator will create and maintain a class settlement website (the "Class Settlement Website"), to be activated within fifteen (15) calendar days of its receipt of the Preliminary Approval Order.  The Notice Administrator's responsibilities will also include securing an appropriate URL, such as www.SweetartsClassAction.com.   The Class Settlement Website will contain Settlement information and case-related documents such as the Agreement, the Long-Form Notice, Preliminary Approval Order, and notices from the Court.   In addition, the Class Settlement Website will include procedural information regarding the status of the Court-approval process, such as an announcement of the Final Approval Hearing date, as described in Section 8.1, when the Final Approval Order and Judgment have been entered, and when the Effective Date has been reached, including any appeal(s), if any.

5.7.2  The Class Settlement Website will terminate (be removed from the internet) and no longer be maintained by the Notice Administrator thirty (30) days after either (a) the Effective Date or (b) the date on which the Agreement is terminated or otherwise not approved by a court, whichever is later.

5.8    **CAFA Notice**

5.8.1  The Parties agree that the Notice Administrator shall serve notice of the Settlement Agreement that meets the requirements of CAFA, 28 U.S.C. § 1715, on

*Littlejohn v. Ferrara Candy Company,* Case No. 3:18-cv-00658-AJB-WVG
CLASS ACTION SETTLEMENT AGREEMENT

1  the appropriate federal and state officials no later than ten (10) days after the filing

2  of this Settlement Agreement with the Court.

3      5.8.2   The Notice Administrator will file a certification with the Court stating

4  the date or dates on which the CAFA Notice was sent.  Defendant will provide Class

5  Counsel with any substantive responses received in response to any CAFA Notice.

6      5.9   **Notice Plan**

7      5.9.1   The Class Notice shall conform to all applicable requirements of the

8  Federal Rules of Civil Procedure, the United States Constitution (including the Due

9  Process Clauses), and any other applicable law, and shall otherwise be in the manner

10  and form agreed upon by the Parties and approved by the Court.

11      5.9.2   No later than thirty (30) days after preliminary approval by the Court

12  of this Settlement, the Notice Administrator shall commence providing Notice to the

13  Class according to the Notice Plan as attached in **Exhibit C**, except that the Class

14  Settlement Website shall require earlier publication, as discussed in Section 5.7.

15      5.9.3   The Parties agree to the content of the Notice, substantially in the forms

16  attached to this Agreement as **Exhibit A** (Long Form Notice) and **Exhibit B**

17  (Summary Notice), and as approved by the Court.

18      5.9.4   The Notice Administrator shall also publish the Summary Notice in a

19  newspaper in a manner sufficient to meet California Government Code § 6064 and

20  Civil Code § 1781.

21  **VI.   RELEASES**

22      6.1   Upon the Effective Date, the Representative Plaintiff and the Class fully

23  and forever release the Released Parties from all rights, actions, causes of action,

24  suits, debts, dues, sums of money, accounts, liabilities, losses, obligations, fees,

25  costs, reckonings, bonds, bills, specialties, controversies, agreements, contracts,

26  variances, trespasses, damages, judgments, extensions, executions, claims, and

27  demands whatsoever, whether known or unknown, contingent or absolute, suspected

28  or unsuspected, disclosed or undisclosed, hidden or concealed, matured or

-10-

1  unmatured, that have been or could have been asserted, by or on behalf of the

2  plaintiff or class members, including, without limitation, any claims, whether

3  individual, class, direct, derivative, representative, legal, equitable, or in any other

4  capacity, in any court, tribunal, or proceeding, arising under federal statutory or

5  common law, state statutory or common law, local statutory or common law, or any

6  law, rule or regulation, including the law of any jurisdiction outside the United

7  States, that relate to claims arising out of the allegations of misleading statements or

8  misrepresentations concerning the SweeTARTS Products involving a common

9  factual predicate that is asserted in the Litigation.  The Released Claims shall extend

10  to unknown claims pursuant to California Civil Code Section 1542 and like statutes

11  from other states.  This release expressly does not extend to personal injury claims

12  regarding the Products.

13  6.2   After entering into this Settlement Agreement, Plaintiff or the Class

14  Members may discover facts other than, different from, or in addition to, those that

15  they know or believe to be true with respect to the Released Claims.  Plaintiff and

16  the Class Members expressly waive and fully, finally, and forever settle and release

17  any known or unknown, suspected or unsuspected, contingent or noncontingent

18  claim, whether or not concealed or hidden, without regard to the subsequent

19  discovery or existence of such other, different, or additional facts.

20  6.3   All Parties to this Settlement Agreement, including the Class Members,

21  specifically acknowledge that they have been informed by their legal counsel, via

22  the Notice, of Section 1542 of the California Civil Code (and any similar State laws)

23  and they expressly waive and relinquish any rights or benefits available to them

24  under this statute (and any similar State laws). California Civil Code § 1542

25  provides:

26  A  GENERAL  RELEASE  DOES  NOT  EXTEND  TO  CLAIMS

27  WHICH  THE  CREDITOR  DOES  NOT  KNOW  OR  SUSPECT  TO

28  EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING

-11-

*Littlejohn v. Ferrara Candy Company,* Case No. 3:18-cv-00658-AJB-WVG
CLASS ACTION SETTLEMENT AGREEMENT

THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

6.4    Notwithstanding Section 1542 of the California Civil Code, or any other federal or state statute or rule of law of similar effect, this Agreement shall be given full force and effect according to each and all of its expressed terms and provisions, including those related to any unknown or unsuspected claims, liabilities, demands, or causes of action which are based on, arise from or are in any way connected with the Litigation.

## VII.   CLASS CERTIFICATION

7.1.    The Parties agree that, for settlement purposes only, this Litigation shall be certified as a class action pursuant to Federal Rule of Civil Procedure 23(b)(2) or 23(b)(3), or both, with Representative Plaintiff as the Class Representative and Plaintiff's counsel as Class Counsel, defined as follows:

All purchasers of SweeTARTS Products, including those listed below, in the United States on or after January 1, 2012 and until the Class is certified, for personal use and not for resale (the "Class Period"):

- SweeTARTS Original
- SweeTARTS Mini Chewy
- SweeTARTS Giant Chewy
- SweeTARTS Chews
- SweeTARTS Extreme Sour Chewy
- SweeTARTS Chewy Sours
- SweeTARTS Sour Gummies
- SweeTARTS Gummies
- SweeTARTS Whipped & Tangy
- SweeTARTS Cherry Punch Soft & Chewy Ropes

-12-

- SweeTARTS Tangy Strawberry Soft & Chewy Ropes
- SweeTARTS Jelly Beans

Excluded from the Settlement Class are (1) any judicial officer presiding over *Littlejohn*; (2) the Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, and employees; (3) legal representatives, successors or assigns of any such excluded person; and (4) persons who properly execute and file a timely request for exclusion.

7.2    In the event the Settlement is terminated or for any reason the Settlement is not effectuated, the certification of the Class shall be vacated and the Litigation shall proceed as if the Class had not been certified.

## VIII.  SETTLEMENT HEARING

8.1    Promptly after execution of this Agreement, the Parties will submit the Agreement together with its exhibits to the Court and will request that the Court grant preliminary approval of the Settlement, as of the date of which the Settlement shall be deemed "filed" within the meaning of 28 U.S.C. § 1715; issue the Preliminary Approval Order; and schedule a hearing on whether the Settlement should be granted final approval and whether Class Counsel's application for fee award and expenses, and for an incentive award to the Representative Plaintiff ("Fee Application") should be granted ("Final Approval Hearing").  The Parties shall request the Court schedule the Fee Application to be filed no later than fourteen (14) calendar days prior to the Objection Deadline, or earlier, if the Court deems it necessary.

8.2    Defendant shall cooperate in good faith in Plaintiff's preparation of the joint motion for preliminary approval of the Settlement, including by providing Class Counsel with information that is reasonably available about SweeTARTS sales, product packaging and promotional materials as reasonably necessary to obtain preliminary and final approval of the Settlement.

8.3    Defendant shall not oppose Plaintiff's assertion, in papers filed in furtherance of this Settlement, that the Class satisfies each of the elements required under Federal Rules of Civil Procedure 23(a), (b)(2), and/or (b)(3):  The Class is so numerous that joinder of all members is impracticable; there are questions of law or fact common to the Class; the claims of Plaintiff Littlejohn are typical of the Class; Plaintiff and Class Counsel will fairly and adequately protect the interests of the Class; the questions of law or fact common to Class members predominate over any questions affecting only individual members; and class treatment is the superior means to adjudicate Plaintiff's claims.

8.4    The Parties agree to the form and substance of the proposed Preliminary Approval Order, attached hereto as **Exhibit D**, to be lodged with the Court with the joint motion for preliminary approval of the Settlement Agreement.

8.5    **Procedures for Objecting to the Settlement**

8.5.1. Class Members shall have the right to appear and show cause, if they have any reason why the terms of this Agreement should not be given final approval, subject to each of the sub-provisions contained in this Section 8.5.  Any objection to this Agreement, including any of its terms or provisions, must be in writing, filed with the Court, with a copy served on Class Counsel, Defense Counsel, and the Notice Administrator at the addresses set forth in the Notice, and postmarked no later than thirty (30) calendar days prior to the Final Approval Hearing date.  Class Members may object either on their own or through an attorney hired at their own expense.

8.5.2  If a Class Member hires an attorney to represent him or her at the Final Approval Hearing, he or she must do so at his or her own expense.  No Class Member represented by an attorney shall be deemed to have objected to the Agreement unless an objection signed by the Class Member is also filed with the Court and served upon Class Counsel, Defense Counsel, and the Notice Administrator at the addresses

-14-

*Littlejohn v. Ferrara Candy Company,* Case No. 3:18-cv-00658-AJB-WVG
CLASS ACTION SETTLEMENT AGREEMENT

set forth in the Notice thirty (30) days before the Final Approval Hearing (unless the Court sets a different deadline for any such objection).

8.5.3  Any objection regarding or related to the Agreement shall contain a caption or title that identifies it as "Objection to Class Settlement in *Littlejohn v. Ferrara Candy Company*, No. 3:18-cv-00658-AJB-WVG" and also shall contain information sufficient to identify and contact the objecting Class Member (or his or her attorney, if any), as well as a clear and concise statement of the Class Member's objection, documents sufficient to establish the basis for their standing as a Class Member, i.e., verification under oath as to the approximate date(s) and location(s) of their purchase(s) of the Products, the facts supporting the objection, and the legal grounds on which the objection is based.  Any objections not submitted to the Court at least thirty (30) days prior to the Final Approval Hearing are deemed waived (unless the Court sets a different deadline for any such objection).  If an objecting party chooses to appear at the hearing, that party must file with the Court, at least thirty (30) days before the Final Approval Hearing, a notice of intent to appear and that notice must list the name, address and telephone number of the attorney, if any, who will appear on behalf of that party (unless the Court sets a different deadline for any such notice of intent to appear).

8.5.4 Any Class Member who does not object to the Agreement in compliance with the provisions set forth herein, is deemed to be a Class Member and bound by the Agreement upon final approval of the Settlement.

8.6  **Right to Respond to Objections**

Class Counsel and Defendant shall have the right, but not the obligation, to respond to any objection, by filing opposition papers no later than seven (7) calendar days prior to the Final Approval Hearing, or on such other date as set forth in the Preliminary Approval Order, or any subsequent Court order(s) modifying the briefing schedule for the Final Approval Hearing.  The Party responding shall file a copy of the response with the Court, and shall serve a copy, by regular mail, hand or

overnight delivery, in the Party's discretion, to the objector (or counsel for the objector), Class Counsel and Defense Counsel, to the extent the objector or their counsel do not receive notice of electronic filing via the Court's ECF filing system.

### 8.7    Opt Outs

8.7.1  Any Class Member who does not wish to participate in the Settlement must write to the Notice Administrator, stating an intent to be "excluded" from this Settlement ("Request for Exclusion").  The written Request for Exclusion must be sent via first class United States mail to the Notice Administrator at the address set forth in the Class Notice and postmarked no later than thirty (30) calendar days before the date set for the Final Approval Hearing ("Opt-Out Date") (unless the Court sets a different deadline for any such Request for Exclusion).  The Request for Exclusion must be personally signed by the Class Member and may only be on behalf of such signing Class Member.  So-called "mass" or "class" opt-outs shall not be allowed.

8.7.2  Any Class Member who does not request exclusion from the Settlement has the right to object to the Settlement.  Any Class Member who wishes to object must timely submit an objection, as set forth in Section 8.5 above.  If a Class Member submits objection and a written Request for Exclusion, he or she shall be deemed to have complied with the terms of this Opt-Out procedure and shall not be bound by the Agreement if approved by the Court.  However, any objector who has not timely requested exclusion from the Settlement will be bound by the terms of the Agreement upon final approval of the Settlement.

## IX.    ATTORNEYS' FEES AND EXPENSES AND INCENTIVE AWARD

9.1     In accord with Federal Rule of Civil Procedure 23(h) and relevant case law, Plaintiff will petition the Court for attorneys' fees and costs in the total amount of $272,000 (including the costs of notice to the Class as provided herein), and a Class Representative incentive award in the amount of $3,000 to Plaintiff Littlejohn. Defendant shall not object or oppose any such petition, including by contesting any

-16-

fees, expenses, or incentive award requested, to the extent the petition does not request more than the amounts set forth above.

9.2     Upon appropriate Court Order so providing, all attorneys' fees and costs awarded to Class Counsel, and the incentive award to the Class Representative, as set forth in Section 9.1 above, shall be paid by Defendant to Class Counsel within thirty (30) days of the date of the Court's Final Approval Order, notwithstanding the existence of any timely filed objections thereto, or appeal (actual or potential) therefrom, or collateral attack on the Settlement or any part thereof.   Any such payment will be subject to Class Counsel's obligation to make appropriate refunds or repayments if, and when, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the award is lowered, or the Settlement is disapproved, by a final order not subject to further review.

9.3     Defendant shall bear its own attorneys' fees and costs.  Defendant bears all risk of an objector's success and shall reimburse Class Counsel for the costs of notice to the class if such an objection to the settlement is successful.

9.4     If so ordered by the Court upon final approval, Class Counsel shall be entitled to provisional reimbursement from Defendant of 100% of its expenses incurred, including the costs of class notice and other litigation related expenses, subject to the Class Counsel's obligation to deduct any amounts paid from the agreed upon attorney's fees and expenses of $272,000, to be paid by Defendant as set forth in Sections 9.1 and 9.2 above.

# X.     MOTION FOR FINAL JUDGMENT AND ORDER

10.1   In accord with the Court's schedule for the Final Approval Hearing, as set in the Preliminary Approval Order, the Class Representative shall file a motion for final approval of the Settlement Agreement, in consultation with Defendant, and Defendant agrees not to oppose such motion.

10.2   Defendant shall cooperate in good faith with Plaintiff's preparation of the motion for final approval of the Settlement Agreement, including by providing

Class Counsel with then-available information about SweeTARTS sales, product packaging and promotional materials and providing signed declaration(s) of appropriate corporate officers of Ferrara if the Parties, in good faith, deem such declaration(s) reasonably necessary.

10.3   Defendant shall not oppose Plaintiffs' assertion, in papers filed in furtherance of the Settlement Agreement, that the Court should affirm its rulings granting Preliminary Approval of the Settlement and grant final approval of the Settlement.

10.4   The Parties agree to the form and substance of the proposed Final Judgment and Order, attached hereto as **Exhibit E**, to be lodged with the Court with the motion for final approval of the Settlement Agreement.

## XI.   CONDITIONS FOR EFFECTIVE DATE; EFFECT OF TERMINATION

11.1   The Effective Date of this Agreement shall be the date the Judgment has become Final, as defined in Section 1.10.

11.2   If this Agreement is not approved by the Court or the Settlement is terminated or fails to become effective in accordance with the terms of this Agreement, the Settling Parties will be restored to their respective positions in the Litigation as of the date the Motion for Preliminary Approval was filed.  In such event, except with respect to the Notice Administrator's fees, costs and expenses as provided in Article V herein, the terms and provisions of this Agreement will have no further force and effect with respect to the Settling Parties and will not be used in this Litigation or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of this Agreement will be treated as vacated.

11.3   No order of the Court or modification or reversal on appeal of any order of the Court concerning any award of attorneys' fees, expenses, or costs to Class

-18-

Counsel, or incentive award to the Class Representative, will constitute grounds for cancellation or termination of this Agreement.

## XII.   MISCELLANEOUS PROVISIONS

12.1   The Parties acknowledge that it is their intent to consummate this Agreement, and they agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of this Agreement.

12.2   The Parties intend the Settlement to be a final and complete resolution of all disputes between them with respect to the Litigation.   The Settlement compromises claims that are contested and will not be deemed an admission by any Settling Party as to the merits of any claim or defense.

12.3   The Parties agree that the consideration provided to the Class and the other terms of the Settlement were negotiated at arm's length, in good faith by the Parties, and reflect a settlement that was reached voluntarily, after consultation with competent legal counsel, and with the extensive assistance of an independent, neutral mediator, Judge Jay C. Gandhi (Ret.) of JAMS.   The Litigation was filed in good faith, was not frivolous and was in compliance with Rule 11 of the Federal Rules of Civil Procedure.   This Agreement is entered solely to eliminate the uncertainties, burdens and expenses of protracted litigation.

12.4   Neither this Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the Settlement is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claims, or of any wrongdoing or liability of Defendant or any other Released Person; or is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Defendant or any other Released Person in any civil, criminal, or administrative proceeding in any court, administrative agency or other tribunal.   Any party to this Litigation or any other

-19-

Released Person may file this Agreement and/or the Judgment in any action that may be brought against it in order to support any defense or counterclaim, including without limitation those based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12.5    All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information will survive this Agreement. Further, other than as specifically permitted by this Section, the Parties, Class Counsel, and counsel for Defendants agree not to issue a press release or make any other statement regarding the Litigation, this Agreement, or the subject matter hereof, including in any attorney advertising or commentary on the Internet by Plaintiff or Class Co-Counsel using the title of this Litigation, the names of Defendants, or the Products at issue in this Litigation, other than (i) as required to carry out the terms of this Agreement; and (ii) Class Counsel shall be permitted to refer to this Action in documents filed with a court in connection with Class Counsel's efforts to become Class Counsel and/or obtain attorneys' fees in any other action(s).

12.6   Confirmatory Discovery: Defendant agrees to make reasonable efforts to provide confirmatory discovery upon request relating to the average retail price of the SweeTARTS Products, total sales of the SweeTARTS Products during the Class Period, and labels for the SweeTARTS Products in use during the Class Period.

12.7   Any and all Exhibits to this Agreement are material and integral parts hereof and are fully incorporated herein by this reference.

12.8   This Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

-20-

*Littlejohn v. Ferrara Candy Company,* Case No. 3:18-cv-00658-AJB-WVG
CLASS ACTION SETTLEMENT AGREEMENT

1    12.9   This Agreement and any exhibits attached hereto constitute the entire

2    agreement among the Parties, and no representations, warranties, or inducements

3    have been made to any Party concerning this Agreement or its exhibits other than

4    the representations, warranties, and covenants covered and memorialized in such

5    documents.   Except as otherwise provided herein, the Parties will bear their own

6    respective costs.

7    12.10 Class Counsel, on behalf of the Class, is expressly authorized by the

8    Representative Plaintiff to take all appropriate action required or permitted to be

9    taken by the Class pursuant to this Agreement to effectuate its terms, and is expressly

10   authorized to enter into any modifications or amendments to this Agreement on

11   behalf of the Class that Class Counsel deems appropriate.

12   12.11 The Representative Plaintiff will not object to motions filed by

13   Defendant seeking to continue the obligation to respond to the Complaint, or any

14   amendments thereto, during the pendency of Settlement-related proceedings.

15   12.12 Each counsel or other Person executing this Agreement or any of its

16   Exhibits on behalf of any Party hereby warrants that such Person has the full

17   authority to do so.

18   12.13 This Agreement may be executed in one or more counterparts. All

19   executed counterparts and each of them will be deemed to be one and the same

20   instrument. A complete set of original counterparts will be filed with the Court.

21   12.14 This Agreement will be binding upon, and inure to the benefit of, the

22   successors and assigns of the Settling Parties.

23   12.15 The Court will retain jurisdiction with respect to implementation and

24   enforcement of the terms of this Agreement, and all parties hereto submit to the

25   jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

26   12.16 None of the Settling Parties, or their respective counsel, will be deemed

27   the drafter of this Agreement or its exhibits for purposes of construing the provisions

28   thereof.   The language in all parts of this Agreement and its exhibits will be

interpreted according to its fair meaning, and will not be interpreted for or against any of the Settling Parties as the drafter thereof.

12.17 This Agreement shall be deemed the "proposed agreement" filed with the Court within the meaning of 28 U.S.C. § 1715 as of the date on which preliminary approval is granted by the Court.

12.18 This Agreement and any exhibits hereto will be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of California without giving effect to that State's choice-of-law principles.  Any provision of California Evidence Code §§ 1115-1128 notwithstanding, this Agreement may be enforced by any Party hereto by a motion under Code of Civil Procedure § 664.6 or by any other procedure permitted by California law.  The provisions of the confidentiality agreement entered into with respect to the mediation process concerning this matter are waived solely for purposes of such enforcement.

12.19 If the Agreement is rejected by the Court, the Parties agree to negotiate in good faith including through the engagement of a mediator, regarding the elimination or revision of any provisions in the Agreement that resulted in Court rejection, with the goal of reaching a formal settlement agreement that will be accepted by the Court and thereafter to immediately submit a revised settlement agreement to the Court for approval, and all other terms and conditions herein shall continue in full force and effect until approval by the Court of the revised settlement agreement.  The fees and expenses of the mediator incurred pursuant to this provision shall be shared equally between Defendant and the Class.  Each Party shall bear its own attorneys' fees and costs of such renegotiation.

IN WITNESS WHEREOF, the Parties have executed and caused this Agreement to be executed by themselves, approved as to form and content by their respective attorneys.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated: _____

Name:_____

Title:_____

On Behalf of Defendant Ferrara Candy Company

Dated: 12/20/18

Jessica Littlejohn
Plaintiff

APPROVED AS TO FORM AND CONTENT:

Dated: 12/20/18

Michael Houchin
LAW OFFICES OF RONALD MARRON
Counsel for Plaintiff and the Class

Dated: _____

Neal A. Potischman
DAVIS POLK & WARDWELL LLP
Counsel for Defendant Ferrara Candy Company

-23-

*Littlejohn v. Ferrara Candy Company*, Case No. 3:18-cv-00658-AJB-WVG
CLASS ACTION SETTLEMENT AGREEMENT

1  Dated: _12/21/18_                    _Joyce McCarthy_
2                                  Name: _Joyce McCarthy_
3                                  Title: _General Counsel_
                                   On Behalf of Defendant Ferrara Candy
4                                  Company
5
6
7  Dated: _____             _____
8                                 Jessica Littlejohn
                                  Plaintiff
9
10
11 APPROVED AS TO FORM AND CONTENT:
12
13
14 Dated: _____             _____
15                                Michael Houchin
                                  LAW OFFICES OF RONALD MARRON
16                                Counsel for Plaintiff and the Class
17
18
19 Dated: _____             _____
                                  Neal A. Potischman
20                                DAVIS POLK & WARDWELL LLP
                                  Counsel for Defendant Ferrara Candy
21                                Company
22
23
24
25
26
27
28

Dated: _____          _____

                            Name:_____
                            Title:_____
                                 On Behalf of Defendant Ferrara Candy
                                 Company


Dated: _____          _____

                            Jessica Littlejohn
                            Plaintiff


APPROVED AS TO FORM AND CONTENT:


Dated: _____          _____
                            Michael Houchin
                            LAW OFFICES OF RONALD MARRON
                            Counsel for Plaintiff and the Class


Dated: 12/21/2018          _____
                            Neal A. Potischman
                            DAVIS POLK & WARDWELL LLP
                            Counsel for Defendant Ferrara Candy
                            Company

## **EXHIBIT LIST**

| | |
|---|---|
| Exhibit A | Long Form Notice to the Class |
| Exhibit B | Summary Notice to the Class |
| Exhibit C | Notice Plan |
| Exhibit D | Proposed Preliminary Approval Order |
| Exhibit E | Proposed Final Approval Order |

*Littlejohn v. Ferrara Candy Company,* Case No. 3:18-cv-00658-AJB-WVG
CLASS ACTION SETTLEMENT AGREEMENT

# EXHIBIT A

## <u>NOTICE OF CLASS ACTION SETTLEMENT</u>

**IF YOU PURCHASED SWEETARTS PRODUCTS BETWEEN JANUARY 1, 2012 AND [DATE OF CLASS CERTIFICATION], IN THE UNITED STATES FOR PERSONAL OR HOUSEHOLD USE AND NOT FOR RESALE, PLEASE READ THIS NOTICE CAREFULLY, AS IT DESCRIBES A SETTLEMENT THAT MAY AFFECT YOUR RIGHTS.**

**Included Products**: All SweeTARTS® Products, including: SweeTARTS Original; SweeTARTS Mini Chewy; SweeTARTS Giant Chewy; SweeTARTS Chews; SweeTARTS Extreme Sour Chewy; SweeTARTS Chewy Sours; SweeTARTS Sour Gummies; SweeTARTS Gummies; SweeTARTS Whipped & Tangy; SweeTARTS Cherry Punch Soft & Chewy Ropes; SweeTARTS Tangy Strawberry Soft & Chewy Ropes; and SweeTARTS Jelly Beans.

<u>A federal court authorized this notice. This is not a solicitation from a lawyer.</u>
**Your Legal Rights and Options in this Settlement**

| | |
|---|---|
| **Do Nothing** | If you do nothing, then you will automatically receive benefits under this Settlement in the form of Defendant's labeling modifications that are further described in this notice. You will also give up your right to sue Defendant and certain related entities and individuals regarding any claims that are part of or related to the Settlement. |
| **Exclude Yourself from the Class by [Date]** | If you opt out of the Settlement, then you will keep your right to sue regarding any claims that are part of or related to the Settlement. |
| **Object or Comment by [Date]** | You must write to the Court about why you do, or do not, like the Settlement. You must remain in the class to comment either in support of or in opposition to the Settlement. |
| **Appear in the lawsuit by [Date] and Attend a Hearing on [Date]** | You may ask to speak in Court about the fairness of the Settlement. You may enter your appearance in Court either pro se or through an attorney at your own expense if you so desire. |

**<u>There is no need to submit a claim form.</u>** This Settlement provides benefits in the form of labeling modifications that are further detailed on page four of this notice. If you do nothing, then you will automatically receive the benefits of this Settlement. <u>If you wish to pursue an action for monetary damages or relief against the Defendant based on the claims that are a part of this Settlement, then you must exclude yourself from the class.</u>

1

**Questions? Call 1-888-857-5936 or visit www.sweetartsclassaction.com**

# WHAT THIS NOTICE CONTAINS

**Why Did I Get this Notice?** ................................................................3

**What is a Class Action and Who is Involved?** ...............................3

**What is this Lawsuit About?** ...........................................................3

**What are the Benefits of the Settlement?**.....................................4

**Who is Included in the Settlement?**...............................................4

**Can I Exclude Myself from the Settlement?** ................................5

**If I Don't Exclude Myself, Can I Sue the Defendant for the Same Things Later?** ...................................................................................................6

**Can I Object to the Settlement?** .....................................................6

**What's the Difference Between Objecting and Excluding?**.............7

**Can I Appear or Speak in this Lawsuit and Proposed Settlement?** ....................7

**How Can I Appear in this Lawsuit?**.................................................7

**What if I do Nothing?** .......................................................................8

**Who Represents the Class Members?** ............................................8

**How will Class Counsel be Paid?**....................................................8

**When will the Court Hold a Hearing to Consider the Settlement?**.................9

**What is the Effect of Final Settlement Approval?** .........................9

**How Can I Obtain More Information?**..............................................9

**Questions? Call 1-888-857-5936 or visit www.sweetartsclassaction.com**

## Why Did I Get this Notice?

If you purchased one or more SweeTARTS Products between January 1, 2012 and [Date of Class Certification], as described on page 1 of this Notice, you have a right to know about a proposed settlement ("Settlement") in this class action lawsuit and your options in relation thereto, before the Court decides whether to give its final approval of the settlement.

This Notice explains the lawsuit, the Settlement, your legal rights, and what benefits are available. The Court overseeing the case is the United States District Court for the Southern District of California, and the case is known as *Jessica Littlejohn v. Ferrara Candy Company*, Case Number 3:18-cv-00658-AJB-WVG. Jessica Littlejohn, the person who sued, is called the Plaintiff and the company she sued, Ferrara Candy Company, is called the Defendant.

## What is a Class Action and Who is Involved?

In a class action, one or more people, called a Class Representative (in this case Jessica Littlejohn) represent the interests of people who have common claims that are more important than the issues that affect only individuals. All of these people are a Class or Class Members. The company that the Plaintiff has sued (in this case Ferrara Candy Company) is called the Defendant. One court resolves the issues for everyone in the Class – except for those people who choose to exclude themselves from the Class.

## What is this Lawsuit About?

Plaintiff brought a class action lawsuit on behalf of purchasers of SweeTARTS Products. The case alleges that Defendant Ferrara Candy Company made false and misleading claims, and breached express and implied warranties regarding the use of malic acid in SweeTARTS Products. Defendant denies Plaintiff's allegations and continues to stand by its products and advertising. Before a trial could resolve Plaintiff's allegations, Plaintiff and Defendant reached a settlement.

The full settlement agreement and court documents associated with this case can be viewed at www.SweetartsClassAction.com, or by contacting the Notice Administrator.

**What are the Benefits of the Settlement?**

Defendant has agreed to implement by December 31, 2019 certain modifications of the labeling and packaging for SweeTARTS Products for a period of two years following the date of final approval of the case as follows:

- Defendant will remove the phrase "No Artificial Flavors" from the SweeTARTS Product packaging and promotional materials (unless any such Product ceases to contain dl-malic acid as an ingredient); and

- Defendant will identify "dl-malic acid" as an ingredient on the SweeTARTS Product packaging and promotional materials (for every Product that includes dl-malic acid as an ingredient).

The parties have also agreed to pay reasonable attorneys' fees and costs (including the costs to administer this Settlement), and a Class Representative incentive award to the named Plaintiff will be paid for by the Defendant.

Class Counsel may request attorneys' fees and costs from the Defendant of no more than $272,000, and an incentive award to the named Plaintiff of $3,000. The final amount of attorneys' fees and costs and Class Representative incentive award will be determined by the Court. All Class Members who do not request exclusion from this Settlement will forever release all claims from January 1, 2012 to the present related to the allegations in this case.

**Who is Included in the Settlement?**

All United States consumers who purchased SweeTARTS® Products, including those listed below, for household or personal use and not for resale, from January 1, 2012 to [Date of Class Certification] (the "Class Period"):

- SweeTARTS Original
- SweeTARTS Mini Chewy
- SweeTARTS Giant Chewy
- SweeTARTS Chews
- SweeTARTS Extreme Sour Chewy
- SweeTARTS Chewy Sours
- SweeTARTS Sour Gummies
- SweeTARTS Gummies
- SweeTARTS Whipped & Tangy
- SweeTARTS Cherry Punch Soft & Chewy Ropes
- SweeTARTS Tangy Strawberry Soft & Chewy Ropes
- SweeTARTS Jelly Beans

4

Excluded from the Class are (1) any judicial officer presiding over *Littlejohn*; (2) the Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, and employees; (3) legal representatives, successors or assigns of any such excluded person; and (4) persons who properly execute and file a timely request for exclusion.

## Can I Exclude Myself from the Settlement?

Yes. If you are a Class Member, you may request exclusion by sending a letter requesting to be "excluded" from this Settlement to the Notice Administrator. If you exclude yourself, your claims against the Defendant will not be released.

To exclude yourself from the Settlement, which is sometimes called "opting-out" of the Class, you must send a letter by first class United States mail to the Notice Administrator saying that you want to be excluded from this Settlement. The written request for exclusion must be received no later than [date], and sent to: SweeTARTS Class Action Settlement, c/o Classaura Class Action Administration, 1718 Peachtree St #1080, Atlanta GA 30309.

Your request for exclusion must contain: (1) the name of this lawsuit, "Jessica Littlejohn v. Ferrara Candy Company, Case Number 3:18-cv-00658-AJB-WVG; (2) your full name and current address; (3) a clear statement of intention to exclude yourself such as "I wish to be excluded from the Class"; and (4) your signature.

You cannot exclude yourself by telephone or by e-mail. If you ask to be excluded, then you cannot object to the Settlement and you will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) Defendant in the future

**TO BE VALID, ALL EXCLUSION REQUESTS MUST BE POSTMARKED NO LATER THAN [DATE].**

**Questions? Call 1-888-857-5936 or visit www.sweetartsclassaction.com**

**If I Don't Exclude Myself, Can I Sue the Defendant for the Same Things Later?**

No. If you do not properly and timely submit a request for exclusion, you waive your right to opt out and will be deemed to be a member of the Class. Unless you timely exclude yourself, you give up the right to sue the Defendant and certain related entities and individuals for the claims and related claims that this Settlement resolves, and you will be bound by the terms of this Settlement. If you have a pending lawsuit against Defendant, other than this class action, speak to your lawyer in that lawsuit immediately. You must exclude yourself from this Class to continue your own lawsuit. Remember, any exclusion request must be signed, mailed, and postmarked by no later than [Date].

**Can I Object to the Settlement?**

Yes. If you are a Class Member and do not request exclusion, you or an attorney on your behalf may object to the Settlement. Such objection must be in writing, filed with the Court, with a copy served on Class Counsel, Defense Counsel, and the Notice Administrator at the addresses set forth in the Notice, and postmarked no later than thirty (30) calendar days prior to the Final Approval Hearing date. The procedures for submitting a written objection are identified below. A written and signed objection as well as any support for your objection including documents sufficient to establish the basis for your standing as a Class Member (i.e., verification under oath as to the approximate date(s) and location(s) of your purchase of the SweeTARTS Products) *must be filed with the Court and served on all of the following attorneys with a postmark no later than [DATE].*

**For the Class**:
Ronald A. Marron
Law Offices of Ronald Marron, APLC
651 Arroyo Drive
San Diego, CA 92103
Telephone: 619-696-9006

**For Defendant Ferrara Candy Co.:**
Neal A. Potischman
Davis Polk & Wardwell, LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000

**For the Court**:
Clerk of Court
U.S. District Court Southern District of California
333 West Broadway, Suite 420
San Diego, CA 92101
Telephone: 619-557-5600

**Questions? Call 1-888-857-5936 or visit www.sweetartsclassaction.com**

Any objection related to the Settlement Agreement shall contain a caption or title that identifies it as "Objection to Class Settlement in *Littlejohn v. Ferrara Candy Company*, No. 3:18-cv-00658-AJB-WVG" and shall also contain information sufficient to identify and contact the objecting Class Member (or his or her attorney, if any), as well as a clear and concise statement of the Class Member's objection, documents sufficient to establish the basis for their standing as a Class Member, i.e., verification under oath as to the approximate date(s) and location(s) of their purchase(s) of the SweeTARTS Products, the facts supporting the objection, and the legal grounds on which the objection is based. If an objector chooses to appear at the hearing, then a notice of intention to appear, either in person or through an attorney, must be filed with the Court by [Date]. This notice must list the name, address and telephone number of the attorney, if any, who will appear.

**What's the Difference Between Objecting and Excluding?**

Objecting is explaining to the Court that you do not like something about the Settlement. You can object only if you stay in the Class. Excluding yourself from the Settlement is telling the Court that you do not want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

**Can I Appear or Speak in this Lawsuit and Proposed Settlement?**

As long as you do not exclude yourself, you can (but do not have to) participate and speak for yourself in this lawsuit and Proposed Settlement. This is called making an appearance. You can also have your own lawyer appear in court and speak for you, but you must pay for the lawyer yourself.

**How Can I Appear in this Lawsuit?**

If you want yourself or your own lawyer (instead of Class Counsel) to participate or speak for you in this lawsuit, you must give the Court a paper that is titled a "Notice of Appearance." The Notice of Appearance must contain the title of the lawsuit, a statement that you wish to appear at the Fairness Hearing, and the signature of you or your lawyer. Your Notice of Appearance can also state that you or your lawyer would like to speak at the Court's Fairness Hearing on the Proposed Settlement. If you submit an objection and would like to speak about the objection at the Court's Fairness Hearing, both your Notice of Appearance and your objection should include that information. Your Notice of Appearance must be signed, mailed and postmarked by [Date], to the Court at:

**Clerk of Court**
U.S. District Court Southern District of California
333 West Broadway, Suite 420
San Diego, CA 92101
Telephone: 619-557-5600

Copies of your Notice of Appearance must also be mailed to counsel for the Plaintiff and the Defendant at the addresses listed below:

| **For the Class**: | **For Defendant Ferrara Candy Co.:** |
|---|---|
| Ronald A. Marron | Neal A. Potischman |
| Law Offices of Ronald Marron, APLC | Davis Polk & Wardwell, LLP |
| 651 Arroyo Drive | 1600 El Camino Real |
| San Diego, CA 92103 | Menlo Park, California 94025 |
| Telephone: 619-696-9006 | Telephone:  (650) 752-2000 |

**What if I do Nothing?**

IF YOU DO NOTHING, AND THE COURT APPROVES THE SETTLEMENT, YOU WILL NO LONGER HAVE THE  ABILITY TO SUE FOR MONETARY DAMAGES OR INJUNCTIVE RELIEF WITH RESPECT TO YOUR PURCHASE OF SWEETARTS PRODUCTS DURING THE CLASS PERIOD, AND YOUR CLAIMS DURING THE CLASS PERIOD WILL BE RELEASED AND DISMISSED.

**Who Represents the Class Members?**

The Law Offices of Ronald A. Marron, APLC ("Class  Counsel") were appointed by the Court to represent you. Class Members have the right to  hire their own lawyers, at their own expense, although there is no obligation to do so, and  Class Counsel will represent all Class Members in this lawsuit who do not object or retain their own lawyer.

**How will Class Counsel be Paid?**

The Defendant has agreed that Class  Counsel will seek an award of attorneys' fees and costs. If the Court approves the award, t h e  Defendant has agreed to pay Class Counsel's attorneys' fees and costs, up to $272,000. Class Members are not responsible for paying Class Counsel.

8

**When will the Court Hold a Hearing to Consider the Settlement?**

On [Date and Time], the Honorable Anthony J. Battaglia of the United States District Court for the Southern District of California will hold a hearing (the "Fairness Hearing") in Courtroom 4A of the federal courthouse at 221 West Broadway, San Diego, California 92101. At the hearing, the Court will decide whether to approve the Settlement and will determine the amount of attorneys' fees and costs and Plaintiff's incentive award. You or your lawyer may appear at the Fairness Hearing *but do not have to do so*.

**What is the Effect of Final Settlement Approval?**

If the Court grants final approval of the Settlement, all members of the Class will release and forever discharge any and all claims or causes of action that have been, might have been, are now, or could have been brought relating to the transactions, actions, conduct and events that are the subject of this action or Settlement, arising from or related to the allegations in the complaint filed in this lawsuit or to Defendant's marketing, advertising, promoting or distributing of the SweeTARTS Products.

If the Court does not approve the Settlement, the case will proceed as if no settlement had been attempted.

If the Settlement is not approved and litigation resumes, there can be no assurance that the Class will recover more than is provided for under the Settlement, or anything at all. In other words, there is no guarantee of success if litigation proceeds.

**How Can I Obtain More Information?**

Class Members can ask questions and review court documents associated with this case at www.SweetartsClassAction.com, or by writing the "Notice Administrator" at SweeTARTS Class Action Settlement, Classaura LLC, 1718 Peachtree St. #1080, Atlanta, GA 30309.

**PLEASE DO NOT CONTACT THE COURT OR CLERK'S OFFICE REGARDING THIS NOTICE.**

9

**Questions? Call 1-888-857-5936 or visit www.sweetartsclassaction.com**

# EXHIBIT B

LEGAL NOTICE
A federal court authorized this notice.  This is not a solicitation from a lawyer.

# If you purchased SweeTARTS Products between January 1, 2012 and [Date of Class Certification] your rights may be affected by a proposed class action settlement

### For More Information, Please Visit www.sweetartsclassaction.com

**WHAT IS THIS CASE ABOUT?**

A proposed settlement has been reached in a class action lawsuit.  The lawsuit claims that labeling and marketing of SweeTARTS Products was false or deceptive.  Defendant stands by its advertising and denies it did anything wrong.  The Court has not decided which side was right.  Instead, the parties have decided to settle the case.

**ARE YOU A CLASS MEMBER?**

You are a class member if you purchased in the United States for household or personal use and not for resale, any SweeTARTS Product, including: SweeTARTS Original; SweeTARTS Mini Chewy; SweeTARTS Giant Chewy; SweeTARTS Chews; SweeTARTS Extreme Sour Chewy; SweeTARTS Chewy Sours; SweeTARTS Sour Gummies; SweeTARTS Gummies; SweeTARTS Whipped & Tangy; SweeTARTS Cherry Punch Soft & Chewy Ropes; SweeTARTS Tangy Strawberry Soft & Chewy Ropes; or SweeTARTS Jelly Beans, between January 1, 2012 and **[DATE of Class Certification]** (the "Products").  You should read the entire Notice carefully because your legal rights are affected whether you act or not.

**WHAT DOES THIS SETTLEMENT PROVIDE?**

Defendant has agreed to implement by December 31, 2019 certain modifications of the labeling and packaging for  SweeTARTS Products for a period of two years following the date of final approval of the case as follows:

•       Defendant will remove the phrase "No Artificial Flavors" from the SweeTARTS Product packaging and promotional materials (unless any such Product ceases to contain dl-malic acid as an ingredient); and

•       Defendant will identify "dl-malic acid" as an ingredient on the SweeTARTS Product packaging and promotional materials (for every Product that includes dl-malic acid as an ingredient).

The complete Settlement Agreement is found at **www.sweetartsclassaction.com**.

**WHAT HAPPENS NOW?**

The Court will hold a hearing in this case on **[DATE]** at **[TIME]** at the federal courthouse located at 221 West Broadway, Courtroom 4A, San Diego, CA 92101, to consider final approval of the Settlement, payment of attorneys' fees of up to $272,000 inclusive of costs, an incentive award of up to $3,000 for the Class Representative in the lawsuit, and related issues.  The motion(s) by Class Counsel for attorneys' fees and costs and an incentive award for the Class Representative will be available for viewing on the settlement website after they are filed. You may appear at the hearing in person or through your attorney at your own cost, but you are not required to do so.

**WHAT ARE YOUR OPTIONS?**

| DO NOTHING | If you do nothing, then you will automatically receive benefits under this Settlement in the form of Defendant's labeling modifications. You will also give up your right to sue Defendant and certain related entities and individuals regarding any claims that are part of or related to the Settlement. |
|---|---|
| **Exclude Yourself from the Class by [Date]** | If you opt out of the Settlement, then you will keep your right to sue regarding any claims that are part of or related to the Settlement. |
| **OBJECT OR COMMENT BY [DATE]** | You must write to the Court about why you do, or do not, like the Settlement. You must remain in the class to comment either in support of or in opposition to the Settlement. |
| **APPEAR IN THE LAWSUIT BY [DATE] AND ATTEND A HEARING ON [DATE]** | You may ask to speak in Court about the fairness of the Settlement.  You may enter your appearance in Court either pro se or through an attorney at your own expense if you so desire. |

Your rights and options – and the deadlines to exercise them – are only summarized in this notice. The Detailed Notice describes, in full, how to file a claim, object, or exclude yourself and provides other important information.  For more information and to

## LEGAL NOTICE

A federal court authorized this notice.  This is not a solicitation from a lawyer.

obtain a Detailed Notice, claim form or other documents, visit **www.sweetartsclassaction.com,** call toll-free **1-888-857-5936**, or write to the Notice Administrator at: Sweetarts Settlement, Classaura LLC, 1718 Peachtree St. #1080, Atlanta, GA 30309.

**1-888-857-5936**          **WWW.SWEETARTSCLASSACTION.COM**

**DO NOT CALL DEFENDANT FERRARA OR THE COURT**

# EXHIBIT C

1   **LAW OFFICES OF RONALD A. MARRON**
    RONALD A. MARRON (SBN 175650)
2   *ron@consumersadvocates.com*
    MICHAEL T. HOUCHIN (SBN 305541)
3   *mike@consumersadvocates.com*
    651 Arroyo Drive
4   San Diego, California 92103
    Telephone: (619) 696-9006
5   Facsimile: (619) 564-6665

6

7                **UNITED STATES DISTRICT COURT**

8           **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

9

10  JESSICA LITTLEJOHN, on behalf of     Case No. 3:18-cv-00658-AJB-WVG
    herself and all others similarly situated,

11
                Plaintiff,              **DECLARATION OF GAJAN**
12                                      **RETNASABA**
            v.
13                                      Judge: Hon. Anthony J. Battaglia

14  FERRARA CANDY COMPANY, an
    Illinois Corporation,
15
                Defendant.
16

17

18

19

20

21

22

23

24

25

26

27

28

---

*Littlejohn v. Ferrara Candy,* Case No. 3:18-cv-00658-AJB-WVG
DECLARATION OF GAJAN RETNASABA

#91571360v2

I, Gajan Retnasaba, declare:

1.      I am a Partner at Classaura LLC, a class action administration firm located at 1718 Peachtree St #1080, Atlanta, Georgia. I have been the project lead on cases including *Mason v. Heel*, *In re Qunol Liquid Labeling Litigation*, *In re Tommie Copper Products Consumer Litigation*, and *In re Quaker Oats Labeling Litigation*. I founded the popular class action advocacy website ClassActionRebates.com. My prior experience includes being a litigation associate at Jones Day and a senior associate at McKinsey & Company. I hold a J.D. from Harvard Law School and a Bachelor of Engineering from the University of New South Wales. I am over the age of 21 and am not a party to this action.

2.      I have been asked by counsel in this action to prepare a plan for class notice, should the class be certified and the settlement receive preliminary approval from the court.

**Class Certification Notice**

3.      Because a record of all U.S. buyers of the relevant SweeTARTS candy does not exist, I recommend that notice be disseminated broadly, with a focus on groups that recent market research indicates are disproportionately likely to be buyers of the affected products.

4.      InfoScout is a service that captures data on shopping patterns. Their sampling panels capture data for approximately 1-in-500 shopping trips made in the United States and provide rich demographic data regarding purchase patterns. InfoScout's 2014-2015 data reported that SweeTARTS purchase patterns are relatively uniform across gender, race, age, income, education, and family status. There are two exceptions, Asians are 48% less likely to buy SweeTARTS, and those over 65 years of age are 52% less likely to buy SweeTARTS.

5.      SweeTARTS buyers make disproportionately more purchases at Dollar Stores (+610%), Drug Stores (+144%) and Gas and Convenience Stores (+140%).

1

6.     SweeTARTS buyers also have a high affinity for certain other candies including: Skittles (15x), Trolli (14x), Life Savers (9x), and Brach's (8x). This means, for example, that SweeTARTS buyers are 15 times more likely to buy Skittles than other consumers.

**FACEBOOK PUBLICATION OF THE NOTICE**

7.     Facebook is the online social media outlet where Americans spend the most time, with approximately 230 million registered users who use the site at least once per month. Facebook's database allows detailed targeting of advertising, including by geography and personal interests. A user may be identified as having an interest in a topic, such as SweeTARTS by having mentioned the topic on their Facebook page or by having engaged with related content on Facebook.

8.     Facebook identifies 260,000 people in the United States as having an interest in SweeTARTS. A further 1,240,000 people are identified as having an interest in other high affinity candy brands. Since this group has the highest likelihood of being class members, I recommend that Facebook ads be particularly targeted to these 1,500,000 individuals.

9.     Facebook identifies a further 28,700,000 individuals that have an interest in the high affinity retail outlets associated with SweeTARTS purchasers: dollar stores, drug stores, and gas and convenience stores.

10.   I recommend that Facebook ads, providing a brief notice that a class has been certified of buyers of SweeTARTS candy, be published 12 million times on Facebook. These ads should be limited to United States users of Facebook, and targeted, to users who are identified as having an interest in SweeTARTS or high affinity candy and to users who are identified as having an interest in high affinity retail outlets. I estimate that the advertisements will reach 50% of Facebook users with SweeTARTS and other high affinity candy interest, and 30% of those with interest in the high affinity retail outlets.

*Littlejohn v. Ferrara Candy,* Case No. 3:18-cv-00658-AJB-WVG
DECLARATION OF GAJAN RETNASABA

#91571360v2

11.   The notice will also include a link to the class website where consumers can learn more about the lawsuit.

**NEWSPAPER PUBLICATION OF THE NOTICE**

12.   *USA Today* is a national newspaper with a circulation of approximately 600,000 and a reach of approximately 1,600,000. I recommend publication of notice of settlement in this newspaper.

13.   The newspaper publication will include a summary of the settlement and eligibility criteria. The notice will also direct class members to the dedicated settlement website for further information, including the benefits of the settlement, how their rights are affected, their options, and how to opt-out of the settlement. The notice will also provide directions for receiving a mailed copy of the long-form notice.

**CLRA NOTICE**

14.   Section 1781 of the Consumers Legal Remedies Act (CLRA) requires published notice of the settlement in a newspaper of general circulation in the county of the transaction, once a week for four consecutive weeks. Accordingly, I propose publication over four consecutive weeks in the *San Diego Metropolitan Uptown Examiner*, a newspaper frequently used for such legal notices.

**PRESS RELEASE ABOUT THE SETTLEMENT**

15.   PR Newswire is a national press release service used by journalists as a source for news. Press releases sent through PR Newswire often end up as articles in news media websites such as CNBC.com, MarketWatch.com, Reuters.com, Yahoo.com and local media affiliates of the major television networks ABC, NBC, and CBS. The press release will contain information about the class settlement and the address for the dedicated settlement website. I recommend the publication of a national press release on PR Newswire.

#91571360v2

**CAFA NOTICE**

16.    The Class Action Fairness Act ("CAFA"), 28 U.S.C. Section 1715, requires notice of the proposed settlement be given to federal, state, and territory attorney generals. Accordingly, I propose the mailing of a notice with an enclosed CD-ROM containing all the required information under CAFA to the federal, state, and territory attorney generals.

**DEDICATED SETTLEMENT WEBSITE**

17.    I recommend the creation of a dedicated settlement website to provide detailed information to class members. The website will include documents fully describing the case and include the Complaint, Class Certification, and other relevant documents. The website will also describe who is a class member, how their rights are affected by the class certification, and the process for opting-out of the settlement.

18.    The website will provide email, phone, and postal contacts for class members to request further information, hard copies of case-related information, or other help they may require.

19.    The website will be updated as needed.

20.    The content of both the summary and long-form versions of the Judgment Notice will describe the judgment and give notice that an attorney fee application will be made and describe how class members may obtain a copy of the fee application from the administrator or online and how they may oppose the application.

21.    The cost to provide notice of the settlement via Facebook, *USA Today*, Press Release, and CAFA is $25,000. The cost to set up the settlement website and administer the settlement is $5,000.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

4

Executed on December 20, 2018, in Atlanta, GA.

_____
Gajan Retnasaba

*Littlejohn v. Ferrara Candy,* Case No. 3:18-cv-00658-AJB-WVG
DECLARATION OF GAJAN RETNASABA

#91571360v2

# EXHIBIT D

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

JESSICA LITTLEJOHN, on behalf of herself, all others similarly situated, and the general public,

                  Plaintiff,

    v.

FERRARA CANDY COMPANY,  an Illinois Corporation,

                  Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 3:18-cv-00658-AJB-WVG

**CLASS ACTION**

**ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, CERTIFYING THE CLASS, APPOINTING CLASS REPRESENTATIVE AND CLASS COUNSEL, APPROVING NOTICE PLAN, AND SETTING FINAL APPROVAL HEARING**

Judge:   Hon. Anthony J. Battaglia

-1-

Plaintiff Jessica Littlejohn and Defendant Ferrara Candy Company in this action (the "Parties"), styled *Littlejohn v. Ferrara Candy Company*, No. 3:18-cv-00658-AJB-WVG (S.D. Cal.) (the "Litigation"), after arm's-length settlement discussions have entered into a Settlement Agreement ("Agreement") which, if approved, would resolve this putative class action.

The capitalized terms used in this Preliminary Approval Order shall have the meanings and/or definitions given to them in the Agreement, or if not defined therein, the meanings and/or definitions given to them in this Preliminary Approval Order.

The proposed settlement was reached only after extensive investigation into the merits of Plaintiff's claims, and was the result of arm's-length negotiations conducted by the Parties in good faith and after consultation with competent legal counsel, and with the extensive assistance of an independent, neutral mediator, Judge Jay C. Gandhi (Ret.) of JAMS. The Litigation was filed in good faith, was not frivolous and was in compliance with Rule 11 of the Federal Rules of Civil Procedure. Based on the negotiations between counsel for the Parties, the Parties fully understood the nature, strength, and weaknesses of each other's claims and defenses.

Plaintiff and Class Counsel maintain that the Litigation and the claims asserted therein are meritorious and that Plaintiff and the Class would have prevailed at trial. Notwithstanding, Plaintiff and Class Counsel have agreed to settle the Litigation pursuant to the provisions of the Agreement, after considering, among other things: (i) the expense and length of continued proceedings that would be necessary to prosecute the Litigation through trial and appeals; (ii) the uncertain outcome and the risk of any litigation, especially in complex actions such as this Litigation, as well as the difficulties and delays inherent in such litigation; (iii) the inherent problems of proof under the claims and possible defenses to the claims asserted in the Litigation; (iv) the substantial benefits to Plaintiff and the Class under

-1-

the terms of this Agreement; and (v) the desirability of consummating this Settlement promptly in order to provide effective relief to Plaintiff and the Class. Plaintiff and Class Counsel agree that this Agreement is fair, reasonable and adequate because it provides substantial benefit to the Class, is in the best interests of the Class, and fairly resolves the claims alleged in this Litigation.

Defendant expressly denies any wrongdoing alleged in the pleadings in the Litigation, and does not admit or concede any actual or potential fault, wrongdoing, or liability in connection with any facts or claims which have been or could have been alleged against it in the Litigation. Defendant nonetheless considers it desirable for the Litigation to be settled and dismissed, because the proposed settlement will: (i) avoid further expense, burden, and disruption of the management and operation of Defendant's business due to the pendency and defense of the Litigation; and (ii) finally put Plaintiff's and the Class' claims and the underlying matters to rest.

The court has read and considered the Agreement and all exhibits thereto, including the proposed notices and claim form, and finds there is sufficient basis for: (1) granting preliminary approval of the Agreement; (2) conditionally certifying a class for settlement purposes only; (3) appointing Plaintiff Jessica Littlejohn as Class Representative and her counsel, the Law Offices of Ronald A. Marron, APLC as Class Counsel; (4) directing that Notice be disseminated to the Class; and (5) setting a hearing at which the Court will consider whether to grant final approval of the Agreement.

The Court now GRANTS the motion for preliminary approval and makes the following findings and orders:

1.     Pursuant to Federal Rule of Civil Procedure 23, the Court hereby certifies this Litigation as a class action on behalf of the following certified Class:

All United States consumers who purchased SweeTARTS® Products, including those listed below, for household or personal use and not for resale, from January 1, 2012 until the Class is certified (the "Class Period"):

-2-

- SweeTARTS Original
- SweeTARTS Mini Chewy
- SweeTARTS Giant Chewy
- SweeTARTS Chews
- SweeTARTS Extreme Sour Chewy
- SweeTARTS Chewy Sours
- SweeTARTS Sour Gummies
- SweeTARTS Gummies
- SweeTARTS Whipped & Tangy
- SweeTARTS Cherry Punch Soft & Chewy Ropes
- SweeTARTS Tangy Strawberry Soft & Chewy Ropes
- SweeTARTS Jelly Beans

Excluded from the Class are (1) any judicial officer presiding over Littlejohn; (2) the Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, and employees; (3) legal representatives, successors or assigns of any such excluded person; and (4) persons who properly execute and file a timely request for exclusion.

The Court finds for purposes of this Settlement only that the Class meets the requirements of Rule 23(a), (b)(2), and (b)(3) of the federal Rules of Civil Procedure. Joinder of all Class Members in a single proceeding would be impracticable, if not impossible, because of their numbers and dispersion.  Common issues exist among Class Members and predominate over questions affecting individual Class Members only.   In particular, each Class Member's claim depends on whether the representations made by Defendant on the packaging, labeling and marketing of the Products, which were uniform throughout the United States, were misleading to a reasonable consumer.  The Plaintiff's claims are typical of, indeed identical, to those of the Class, as Plaintiff was exposed to the Products' label claims that they contain "No Artificial Flavors" and purchased the Products in reliance on those claims.

Plaintiff and her counsel will fairly and adequately protect the interests of the Class, as Plaintiff has no interests antagonistic to the Class, and has retained counsel who are experienced and competent to prosecute this matter on behalf of the Class. Finally, a class settlement is superior to other methods available for a fair resolution of the controversy.

2. The Court approves Plaintiff Jessica Littlejohn as Class Representative.

3. Having considered the factors set forth in Rule 23(g)(1) of the Federal Rules of Civil Procedure, the Court appoints Plaintiff's counsel, the Law Offices of Ronald A. Marron, APLC to serve as Class Counsel.

4. The Court preliminarily approves the Agreement, finding that its terms appear sufficient, fair, reasonable and adequate to warrant dissemination of Notice of the proposed settlement to the Class. The Agreement contains no obvious deficiencies and the parties have entered into the Agreement in good faith, following arm's-length negotiation between their respective counsel and with the assistance of an experienced mediator. The Court's approval of this Agreement is made subject to further consideration at the Final Approval Hearing Date.

5. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court will hold a final approval hearing (the "Final Approval Hearing Date") on _____, 2018 at _____ a.m./p.m., in the Courtroom of the Honorable Anthony J. Battaglia, United States District Court for the Southern District of California, for the following purposes:

    a. finally determining whether the Class meets all applicable requirements of Federal Rules of Civil Procedure 23(a) and (b), and, thus, the Class' claims should be certified for purposes of effectuating the Settlement;

    b. determining whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Agreement is fair, reasonable, and adequate and should be approved by the Court;

c.    considering the application of Class Counsel for an award of attorneys' fees and costs, as provided for in the Agreement;

d.    considering the application of the named Plaintiff for a class representative incentive award, as provided for in the Agreement;

e.    considering whether the Court should enter the [Proposed] Judgment, Final Order and Decree; and

f.    ruling upon such matters as the Court may deem just and appropriate.

6.    Class Members must file with the Court and serve any objections to the proposed settlement no later than thirty (30) days prior to the Final Approval Hearing Date, including any memoranda and/or submissions in support of the objections, which deadline will be set forth in the Notice.

7.    All papers in support of the Agreement must be filed with the Court and served at least fourteen (14) calendar days prior to the Final Approval Hearing date. Any response to an objection must be filed and served at least seven (7) calendar days prior to the Final Approval Hearing date.

8.    Any application for an award of attorneys' fees and costs and class representative incentive award must be filed with the Court and served no later than fourteen (14) calendar days prior to the Objection Deadline. After filing, the application for fees and costs, and incentive award shall be posted on the Settlement Website for review by Class Members.

9.    The Court approves the form and procedure for disseminating Notice of the proposed Settlement to the Class as set forth in the Agreement. This Litigation concerns retail products for which the Parties do not have direct notice information for class members. Accordingly, the Notice Plan provides for notice to the Class by publication. The Court finds that the Notice Plan submitted by the Parties constitutes the best notice practicable under the circumstances, and constitutes valid and sufficient notice to the Class in full compliance with the requirements of applicable law, including Rule 23 and the Due Process Clause of the United States Constitution.

-5-

10. Within thirty (30) days after the date of entry of this Order, the Notice Administrator shall disseminate the Class Notices substantially in the forms attached to the Agreement as **Exhibits A and B**. The manner and form of such dissemination shall be substantially as set forth in the Notice Plan attached as **Exhibit C** to the Agreement.

11. The Court approves the designation of Classaura LLC to serve as the Court-Appointed Notice Administrator for the settlement. The Notice Administrator shall disseminate Class Notice and supervise and carry out the Notice Plan, and other administrative functions, and shall respond to Class Member inquiries under the direction and supervision of the Court.

12. The Court directs the Notice Administrator to establish a Class Settlement Website, making available copies of this Order, Class Notice, the Settlement Agreement and all exhibits thereto, a toll-free hotline, and such other information as may be of assistance to Class Members or required under the Agreement. The Class Settlement Website shall be made available to Class Members no later than fifteen (15) calendar days after the date of this Order, and continuously thereafter until thirty (30) days after either (a) the Effective Date or (b) the date on which the Agreement is terminated or otherwise not approved by a court, whichever is later.

13. The Notice Administrator shall be responsible for providing the Parties with assistance, as necessary, such as by preparing affidavits of work it has performed with respect to implementing the Class Notice, and providing regular updates to the Parties' counsel about the status of the Notice process.

14. All Class Members shall be bound by all determinations and judgments in the Litigation concerning the settlement, whether favorable or unfavorable to the Class.

15.     Any person falling within the definition of the Class may, upon his or her request, be excluded from the Class.  Any such person must submit a completed request for exclusion to the Notice Administrator via first class United States mail at the address set forth in the Class Notice and postmarked no later than thirty (30) calendar days before the date set for the Final Approval Hearing ("Opt-Out Date"). Requests for exclusion purportedly filed on behalf of groups of persons are prohibited and will be deemed void.

16.     Any Class Member who does not send a completed, signed request for exclusion to Notice Administrator postmarked or delivered on or before the Opt-Out Date will be deemed to be a Class Member for all purposes and will be bound by all further orders of the Court in this Litigation and by the terms of the Settlement.  The written request for exclusion must request exclusion from the Class, must be signed by the potential Class Member and include a statement indicating that the person is a member of the Class.  All persons who submit valid and timely requests for exclusion shall not be bound by the Agreement or the Final Judgment and Order.

17.     Any person falling within the definition of the Class may object to the Agreement.   Objections purportedly filed on behalf of groups of persons are prohibited and will be deemed void.  To be considered, all objections must be timely, in writing, signed and dated by the objector (or his or her attorney, if applicable), and filed with the Court, with a copy served on Class Counsel, Defense Counsel, and the Notice Administrator at the addresses set forth in the Notice, and postmarked no later than thirty (30) calendar days prior to the Final Approval Hearing date. Any objection regarding or related to the Agreement shall contain a caption or title that identifies it as "Objection to Class Settlement in *Littlejohn v. Ferrara Candy Company*, No.  3:18-cv-00658-AJB-WVG" and also shall contain information

-7-

*Littlejohn v. Ferrara Candy Company,* Case No. 3:18-cv-00658-AJB-WVG
PRELIMINARY APPROVAL ORDER

sufficient to identify and contact the objecting Class Member (or his or her attorney, if any), as well as a clear and concise statement of the Class Member's objection, documents sufficient to establish the basis for their standing as a Class Member, i.e., verification under oath as to the approximate date(s) and location(s) of their purchase(s) of the Products, the facts supporting the objection, and the legal grounds on which the objection is based.  Any objections not submitted to the Court at least thirty (30) days prior to the Final Approval Hearing are deemed waived.  A request for exclusion or an objection that does not include all of the foregoing information, that is sent to an address other than the one designated in the Class Notice, or that is not received within the time specified, shall be invalid and the person serving such a request shall be deemed a member of the Class, and shall be bound as a Class Member by the Agreement.  The Notice Administrator shall promptly forward copies of all requests for exclusion and objections to Class Counsel and counsel for Defendant.

18.   If an objecting party chooses to appear at the hearing, that party must file with the Court, at least thirty (30) days before the Final Approval Hearing, a notice of intent to appear and that notice must list the name, address and telephone number of the attorney, if any, who will appear on behalf of that party.

19.   A Class Member who appears at the Final Approval Hearing, either personally or through counsel, will be permitted to argue only those matters that were set forth in the timely and validly submitted written objection filed by such Class Member.  No Class Member shall be permitted to raise matters at the Final Approval Hearing that the Class Member could have raised in his/her written objection, but failed to do so, and all objections to the Agreement that are not set forth in a timely and validly submitted written objection are deemed waived.

-8-

20.     If a Class Member wishes to present witnesses or evidence at the Final Approval Hearing in support of a timely and validly submitted objection, all witnesses must be identified in the objection, and true and correct copies of all supporting evidence must be appended to, or filed and served with, the objection. Failure to identify witnesses or provide copies of supporting evidence in this manner waives any right to introduce such testimony or evidence at the Final Approval Hearing.  While the declaration described above is prima facie evidence that the objector is a member of the Class, Plaintiff or Defendant or both may take discovery regarding the matter, subject to Court approval.

21.     Any Class Member who fails to comply with the applicable provisions of the preceding paragraphs concerning their objection shall waive and forfeit any and all rights he or she may have to object, appear, present witness testimony, and/or submit evidence, shall be barred from appearing, speaking, or introducing any testimony or evidence at the Final Approval Hearing, and shall be bound by all the terms of the Agreement and by all proceedings, orders and judgments in the Litigation.

22.     All objections must be filed with the Clerk and served on the Parties' counsel no later than the Opt-Out Date.  Objections received after the Opt-Out Date will not be considered at the Final Approval Hearing.  A Class Member's failure to submit a written objection before the Opt-Out Date, in conformance with the procedures set forth in the Class Notice, and above, waives any right the Class Member may have to object to the Settlement, the Agreement, attorneys' fees and costs, the Class Representative's incentive award, or to appeal or seek other review of the Final Judgment and Order.

23.     Class Members who do not oppose the Settlement, the application for attorneys' fees and costs, or the Class Representative incentive award need not take any action to indicate their approval.

24.     Class Members are preliminarily enjoined from filing, commencing, prosecuting, intervening in, participating in, maintaining as class members or otherwise, directly or indirectly through a representative or otherwise, or receiving any benefits from, any lawsuit, arbitration, government action, administrative or regulatory proceeding or order in any jurisdiction, forum or tribunal asserting any Released Claims.  In addition, all persons are preliminarily enjoined from filing, commencing or prosecuting a lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf of Class Members, or asserting any Released Claims.  Nothing herein shall require any Class Member to take any affirmative action with regard to other pending class action litigation in which he or she may be an absent class member.

25.     The Agreement and the proceedings and statements made pursuant to the Agreement or papers filed relating to the approval of the Agreement, and this Order, are not and shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or an admission of any kind by any of the Parties or any other Released Person of (i) the truth of any fact alleged or the validity of any Released Claims or defense that has been, could have been, or in the future might be asserted in the Litigation, any other litigation, court of law or equity, proceeding, arbitration, tribunal, investigation, government action, administrative proceeding, or other forum, or (ii) any liability, responsibility, fault, wrongdoing, or otherwise of the Parties or any other Released Person.  Defendant has denied and continues to deny the claims

-10-

asserted by Plaintiff.  Nothing contained herein shall be construed to prevent a Party from offering the Agreement into evidence for the purposes of enforcement of the Agreement.

26.    The certification of the Class shall be binding only with respect to the settlement of this Litigation.  In the event that the Agreement is terminated pursuant to its terms or is not finally approved by the Court, or such approval is reversed, vacated, or modified in any material respect by this or any other Court, the certification of the Class shall be deemed vacated, the Litigation shall proceed as if the Class had never been certified (including Defendant's right to oppose any subsequent motion for class certification), and no reference to the Class, the Agreement, or any documents, communications, or negotiations related in any way thereto shall be made for any purpose.

**IT IS SO ORDERED.**

DATED: _____    _____
                                                          The Honorable Anthony J. Battaglia
                                                          UNITED STATES DISTRICT JUDGE

# EXHIBIT E

1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA LITTLEJOHN, on behalf of herself, all others similarly situated, and the general public, | ) Case No. 3:18-cv-00658-AJB-WVG |
| | ) |
| | ) **CLASS ACTION** |
| Plaintiff, | ) |
| | ) **FINAL JUDGMENT AND** |
| v. | ) **ORDER: (1) APPROVING** |
| | ) **CLASS ACTION SETTLEMENT,** |
| FERRARA CANDY COMPANY, an Illinois Corporation, | ) **(2) AWARDING CLASS** |
| | ) **COUNSEL FEES AND** |
| | ) **EXPENSES, (3) AWARDING** |
| Defendant. | ) **CLASS REPRESENTATIVE** |
| | ) **INCENTIVE AWARD, AND (4)** |
| | ) **DISMISSING ACTION WITH** |
| | ) **PREJUDICE** |
| | ) |
| | ) |
| | ) Judge:   Hon. Anthony J. Battaglia |
| | ) |
| | ) |
| | ) |

## **PROCEDURAL HISTORY**

Plaintiff Jessica Littlejohn filed this Action against Defendant Ferrara Candy Company (together, the "Parties"), styled *Littlejohn v. Ferrara Candy Company*, No. 3:18-cv-00658-AJB-WVG (S.D. Cal.) (the "Litigation"), bringing claims for fraud by omission (Civ. Code §§ 1709-1710), negligent misrepresentation (Civ. Code §§ 1709-1710), violations of California's Consumer Legal Remedies Act, (Civ. Code § 1750, et seq. ["CLRA"]), violations of California's Unfair Competition Law (Bus. & Prof. Code § 17200, et seq. ["UCL"]), violations of California's False Advertising Law (id. § 17500, et seq. ["FAL"]), and Breach of Express and Implied Warranties relating to various SweeTARTS candy products (Dkt. No. 12). Defendant manufactures, markets and sells in the United States a variety of sweet and tart flavored candy products at issue in this Settlement. Plaintiff alleges that Defendant's labeling and marketing of SweeTARTS® Products is false and misleading.

After arm's-length settlement discussions, the Parties have entered into a Settlement Agreement ("Agreement"), which, if approved, would resolve this putative class action. Currently pending before the Court is Plaintiff's Motion for Final Approval of the Settlement Agreement and Plaintiff's Motion for Attorneys' Fees and Incentive Award for the Class Representative.

After consideration of the Parties' briefs, the Court hereby GRANTS Final Approval of the Settlement.

On _____, 2018, the Court entered its Order (1) Preliminarily Approving Class Action Settlement, (2) Certifying the Class, (3) Appointing Class Representative and Class Counsel, (4) Approving the Notice Plan, and (5) Setting Final Approval Hearing ("Preliminary Approval Order"), in which it preliminarily approved the Settlement. The Court also scheduled a hearing to determine whether the Settlement is fair, reasonable, adequate, in the best interest of the Class, and free from collusion, such that the Court should grant Final Approval of the Settlement,

and to consider Plaintiff's motion for an award of attorneys' fees, costs and litigation expenses, and an incentive award for the Class Representative ("Fairness Hearing"). The Court has considered:

- the points and authorities submitted by Plaintiff in support of the motion for final approval of the Settlement ("Final Approval Motion");
- the points and authorities submitted by Plaintiff in support of the motion for an award of attorneys' fees and litigation expenses, and approval of an incentive award for the Class Representative ("Fee Motion");
- the declarations and exhibits submitted in support of said motions;
- the Settlement Agreement;
- the entire record in this proceeding, including but not limited to the points and authorities, declarations, and exhibits submitted in support of preliminary approval of the Settlement, filed _____, 2018;
- the Notice Plan, providing full and fair notice to the Class;
- the existence of ___ objections to and ___ exclusions from the Settlement, and the substance of those objections, if any;
- the absence of any objection or response by any official after the provision of all notices required by the Class Action Fairness Act of 2005, 28 U.S.C. §1715;
- the oral presentations of Class Counsel, Counsel for Defendant, and objector(s) at the Fairness Hearing;
- this Court's experiences and observations while presiding over this matter, and the Court's file herein; and
- the relevant law.

Based upon these considerations and the Court's findings of fact and conclusions of law as set forth in the Preliminary Approval Order and in this Final Judgment and Order (1) Approving Class Action Settlement, (2) Awarding Class Counsel Fees and Expenses, (3) Awarding Class Representative Incentive Award,

(4) Permanently Enjoining Parallel Proceedings, and (5) Dismissing Action with Prejudice ("Final Approval Order"), and good cause appearing, **IT IS HEREBY ORDERED AND DECREED**:

**1.** **Definitions.** The capitalized terms used in this Final Approval Order shall have the meanings and/or definitions given to them in the Settlement Agreement or, if not defined therein, the meanings and/or definitions given to them in this Final Approval Order.

**2.** **Incorporation of Documents**. This Final Approval Order incorporates the Settlement Agreement, filed as Exhibit A to the Declaration of Ronald A. Marron in support of preliminary settlement approval on _____, 2018, including all exhibits thereto, and the Court's findings and conclusions contained in its Preliminary Approval Order.

**3.** **Jurisdiction**. The Court has personal jurisdiction over the Parties, the Class Members, including objectors, and Defendant. The Court has subject matter jurisdiction over this action, including, without limitation, jurisdiction to approve the Settlement, to settle and release all claims alleged in the action and all claims released by the Settlement, including the Released Claims, to adjudicate any objections submitted to the proposed Settlement, and to dismiss this action with prejudice. All Class Members who did not exclude themselves according to the Court's prior orders and the terms of the Class Notices have consented to the jurisdiction of this Court for purposes of this action and the Settlement of this action.

**Findings and Conclusions**

**4.** **Definition of the Class and Class Members**. The Court's Preliminary Approval Order defines the "Class," which is comprised of the "Class Members," as follows:

> All United States consumers who purchased SweeTARTS® Products, including those listed below, for household or personal use and not for resale, from January 1, 2012 until the Class is certified (the "Class Period"):
> • SweeTARTS Original
> • SweeTARTS Mini Chewy

- SweeTARTS Giant Chewy
- SweeTARTS Chews
- SweeTARTS Extreme Sour Chewy
- SweeTARTS Chewy Sours
- SweeTARTS Sour Gummies
- SweeTARTS Gummies
- SweeTARTS Whipped & Tangy
- SweeTARTS Cherry Punch Soft & Chewy Ropes
- SweeTARTS Tangy Strawberry Soft & Chewy Ropes
- SweeTARTS Jelly Beans

Excluded from the Class are (1) any judicial officer presiding over *Littlejohn*; (2) the Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, and employees; (3) legal representatives, successors or assigns of any such excluded person; and (4) persons who properly execute and file a timely request for exclusion.

The Court affirms its certification of the Class, as set forth in the Preliminary Approval Order.  All Class Members are subject to this Final Approval Order and the Final Judgment to be entered by the Clerk of Court in accordance herewith.

### 5.    Class Certifications (Rule 23)

### A.  Numerosity

Defendant's sales in the United States number in the hundreds of thousands annually. For the purposes of this Settlement, no party or objector contests numerosity.  The Court finds that the Class is sufficiently numerous that joinder of all class claims is impracticable.  Fed. R. Civ. P. 23(a)(1).

### B.  Commonality

The Court finds that there are questions of law and fact common to the Class, as to whether Defendant made false or deceptive marketing claims about its Products. All Class Members allege the same injury: loss of money spent purchasing the allegedly deceptive-labeled Products.  All Class Members were exposed to the same or substantially similar contested labeling claims of the Products.  Resolution of the common questions about whether Defendant's labeling claims were deceptive

would resolve questions relevant to all of the claims in one stroke.  Accordingly, the Court affirms its prior ruling under Rule 23(a)(2).

### C.  Typicality

The Court finds that Plaintiff's claims are reasonably co-extensive with those of the other Class Members so as to meet Rule 23(a)(3)'s requirements.  Typicality is a "permissive" standard under which "representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical."  *Hanlon v. v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998). The Class does not lack typicality. The Court therefore affirms its prior order, finding that the Plaintiff's claims are reasonably coextensive with those of the Class.

### D.  Adequacy of Class Representative

Having considered the factors set forth in Rule 23(g)(1), the Court finds that Plaintiff is an adequate class representative and Class Counsel are adequate to represent the Class.  Class Counsel has fully and competently prosecuted all causes of action, claims, theories of liability, and remedies reasonably available to the Class Members.  The Court hereby affirms its appointment of the Law Offices of Ronald A. Marron, APLC as Class Counsel.  The Court also affirms its appointment of Jessica Littlejohn as the Class Representative, finding that she possesses no interests adverse to the Class and is adequate to represent the Class.

### E.  Rule 23(b) Has Been Satisfied

For the purposes of this Settlement, the Parties contend that the elements of Rules 23(b)(2) and (b)(3) have been met.  The Court finds that Defendant has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief is appropriate respecting the class as a whole, Fed. R. Civ. P. 23(b)(2); and that questions of law and fact as to whether a reasonable consumer would find the Products' packaging deceptive predominate over individual questions.  Plaintiff alleges a common injury on behalf of the Class, specifically the loss of the purchase price of the Products, and the Products' respective packaging was standard across

the United States.  The Court also finds that resolution on a class-wide basis is superior for purposes of judicial efficiency and to provide a forum for absent Class members, who are unlikely to bring individual suits to recover.  The Court therefore affirms its prior ruling that the Class satisfies Rule 23(b)(3).  The Court also affirms its prior ruling that the Class satisfies Rule 23(b)(2).  The primary relief in this claim was injunctive relief in the form of labeling changes to the Products' labels.

**6.     The Settlement.**  The Court finds that the Settlement is fair, reasonable, and adequate to the Class, in light of the complexity, expense, and likely duration of the litigation (including appellate proceedings), and the risks involved in establishing liability, damages, and in maintaining the action as a class action, through trial and appeal.  *See Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 963 (9th Cir. 2009).  The Settlement is the result of arm's-length negotiation and there is no evidence of collusion or other conflicts of interest between Plaintiff, Class Counsel and the Class.  *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011).

**A.**     The Parties reached the proposed Settlement only after extensive investigation into the merits of Plaintiff's claims, and was the result of arm's-length negotiations conducted by the Parties in good faith and after consultation with competent legal counsel, and with the extensive assistance of an independent, neutral mediator, Judge Jay C. Gandhi (Ret.) of JAMS. The Litigation was filed in good faith, was not frivolous and was in compliance with Rule 11 of the Federal Rules of Civil Procedure. Based on the negotiations between counsel for the Parties, the Parties fully understood the nature, strength, and weaknesses of each other's claims and defenses.

Plaintiff and Class Counsel maintain that the Litigation and the claims asserted therein are meritorious and that Plaintiff and the Class would have prevailed at trial.  Notwithstanding, Plaintiff and Class Counsel have agreed to settle the Litigation pursuant to the provisions of the Agreement, after considering, among

other things: (i) the expense and length of continued proceedings that would be necessary to prosecute the Litigation through trial and appeals; (ii) the uncertain outcome and the risk of any litigation, especially in complex actions such as this Litigation, as well as the difficulties and delays inherent in such litigation; (iii) the inherent problems of proof under the claims and possible defenses to the claims asserted in the Litigation; (iv) the substantial benefits to Plaintiff and the Class under the terms of this Agreement; and (v) the desirability of consummating this Settlement promptly in order to provide effective relief to Plaintiff and the Class. Plaintiff and Class Counsel agree that this Agreement is fair, reasonable and adequate because it provides substantial benefit to the Class, is in the best interests of the Class, and fairly resolves the claims alleged in this Litigation.

Defendant expressly denies any wrongdoing alleged in the pleadings in the Litigation, and does not admit or concede any actual or potential fault, wrongdoing, or liability in connection with any facts or claims which have been or could have been alleged against it in the Litigation. Defendant nonetheless considers it desirable for the Litigation to be settled and dismissed, because the proposed settlement will: (i) avoid further expense, burden and disruption of the management and operation of Defendant's business due to the pendency and defense of the Litigation; and (ii) finally put Plaintiff's and the Class' claims and the underlying matters to rest.

Plaintiff and Defendant were fully informed of the legal bases for the claims and defenses herein, and are capable of balancing the risks of continued litigation and the benefits of the Settlement. Class Counsel and Defendant's counsel are highly experienced civil litigation lawyers with specialized knowledge in food labeling issues, and complex class action litigation generally. Class Counsel and Defendant's counsel are capable of properly assessing the risks, expenses, and duration of continued litigation.

**B.** The Settlement affords meaningful injunctive relief. First, Defendant will remove the phrase "No Artificial Flavors" from the SweeTARTS Product

packaging and promotional materials (unless any such Product ceases to contain dl-malic acid as an ingredient). In addition, Defendant will identify "dl-malic acid" as an ingredient on the SweeTARTS Product packaging and promotional materials (for every Product that includes dl-malic acid as an ingredient). Defendant shall implement the injunctive relief described above on SweeTARTS Product packaging and promotional and marketing material by December 31, 2019, and must implement the modifications for a period of two years following the date of final approval.

The Court has considered the realistic range of outcomes in this matter, including the amount Plaintiff might receive if she prevailed at trial, the strength and weaknesses of the case, the novelty and number of the complex legal issues involved, and the risk that Plaintiff and the Class would receive less than the Settlement relief or take nothing at trial.  The relief offered by the Settlement is fair, reasonable, and adequate in view of these factors.

**C.**     The Court has found no evidence of collusion between Plaintiff and Defendant or their respective counsel.   The Settlement resulted from extensive arm's-length, adversarial negotiation.   Further, the Court has evaluated the factors set forth by the Ninth Circuit and determined that there was no collusion.   *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011) (the three factors are: "(1) when counsel receive a disproportionate distribution of the settlement, . . . (2) when the parties negotiate a 'clear sailing' arrangement providing for the payment of attorneys' fees separate and apart from class funds, . . . and (3) when the parties arrange for fees not awarded to revert to defendants . . .").  Defendant has agreed to pay Class Counsel $272,000, which represents their lodestar plus a modest ___ multiplier, well within the range courts have allowed in the Ninth Circuit.  *Id.*  The Parties also agreed to the terms of the Settlement before discussing attorneys' fees, another factor which weighs against a finding of collusion.  *See, e.g.*

1    *Weeks v. Kellogg Co.*, 2011 U.S. Dist. LEXIS 155472, at *83 (C.D. Cal. Nov. 23,
2    2011).

3         **D.**     The response of the Class to this action, the certification of a class, and
4    the Settlement, including Class Counsel's application for an award of attorneys'
5    fees, litigation expenses, and the Class Representative's incentive award, after full,
6    fair, and effective notice thereof, strongly favors final approval of the Settlement.
7    Out of the estimated millions who received Notice, only __ class members submitted
8    valid requests for exclusion.  Moreover, only ___ objections were filed, which the
9    Court has considered.

10        **7.     Notice to the Class.**  The Class has received the best practicable notice
11   in light of the fact that Defendant does not collect or maintain information sufficient
12   to identify Class Members.  The Parties' selection and retention of Classaura LLC
13   as the Notice Administrator was reasonable and appropriate.   Based on the
14   Declaration of Gajan Retnasaba, the Court hereby finds that the Settlement Notices
15   were published to the Class Members substantially in the form and manner approved
16   by the Court in its Preliminary Approval Order.  The Settlement Notices provided
17   fair, effective and the best practicable notice to the Class of the Settlement and the
18   terms thereof.  The Notices also informed the Class of Plaintiff's intent to seek
19   attorneys' fees, costs, and incentive payments, and set forth the date, time, and place
20   of the Fairness Hearing and Class Members' rights to object to the Settlement or Fee
21   Motion and to appear at the Fairness Hearing.  The Court further finds that the
22   Settlement afforded Class members a reasonable period of time to exercise such
23   rights.  *See Weeks v. Kellogg Co.*, 2011 U.S. Dist. LEXIS 155472, at *82 (C.D. Cal.
24   Nov. 23, 2011) (class members' deadline to object or opt out must arise after class
25   counsel's fee motion is filed); *In re Mercury Interactive Corp. Secs. Litig.*, 618 F.3d
26   988, 994 (9th Cir. 2010) (same).  The Settlement Notices fully satisfied all notice
27   requirements under the law, including the Federal Rules of Civil Procedure, the
28

requirements of the California Legal Remedies Act, Cal. Civ. Code § 1781, and all due process rights under the U.S. Constitution and California Constitutions.

**8.     Notices Pursuant to 28 U.S.C. § 1715**.  The Court finds that Defendant has satisfied all notice requirements of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, as attested to by the Retnasaba Declaration.  On _____, 2018, at Defendant's direction, Classaura LLC served the notices required by 28 U.S.C. § 1715(b), which included a copy of the Settlement Agreement and other required documents, as well as notice of the date, time, and place of the Fairness Hearing.  The Court has received no objection or response to the Settlement agreement by any federal or state official, including any recipient of the foregoing notices.  This fact further supports the fairness of the Settlement.

**9.     Implementation of Settlement**.  The Parties are directed to implement the Settlement according to its terms and conditions.

**10.     Appeal after Implementation**.  Any Class Member who failed timely and validly to object to the Settlement has waived any objection.  Any Class Member seeking to appeal the Court's rulings must: (a) move to intervene upon a representation of inadequacy of counsel (if they did not object to the proposed Settlement under the terms of the Settlement); (b) request a stay of implementation of the Settlement; and (c) post an appropriate bond.  Absent satisfaction of all three requirements, Defendant is authorized, at its sole option and in its sole discretion, to proceed with the implementation of the Settlement, including before the Effective Date, even if such implementation would moot any appeal.

**11.     Release**.  The Release set forth in the Settlement Agreement is expressly incorporated herein in all respects, is effective as of the date of the entry of this Final Order, and forever discharges the Released Parties from any claims or liabilities released by the Settlement, including the Released Claims, and including without limitation a waiver of all rights under Section 1542 of the California Civil Code.  This Release covers, without limitation, any and all claims for attorneys' fees

and expenses, costs or disbursements incurred by Class Counsel, the Settlement of this Action, the administration of such Settlement, and the Released Claims, except to the extent otherwise specified in this Order and the Settlement Agreement.

**12.    Attorneys' Fees and Litigation Expenses**. The Court orders that Class Counsel is entitled to reasonable attorneys' fees and litigation expenses incurred in connection with the action and in reaching this Settlement in the amount of $272,000, to be paid at the time and in the manner provided in the Settlement Agreement.  The fee award sought in the present case is reasonable when judged by the standards of this circuit.  Defendant has agreed to pay Class Counsel $275,000, which represents the costs of notice to the class, the Class Representative's incentive award, and Class Counsel's lodestar plus a modest ___ multiplier, well within the range Courts have allowed in the Ninth Circuit.  *Id.*

A multiplier of ___ is justified here, based on the excellent results obtained, the experience and skill of Counsel, the complexity of issues, the risk of non-payment and preclusion of other work, and the reaction of the Class.  The fee award requested is also reasonable in light of similar lodestar awards, as set forth in the Fee Motion.   Courts have approved multipliers ranging from 2-4 (and higher) in comparably complex litigation and under such circumstances.  *See, e.g., Wershba v. Apple Computer*, 91 Cal. App. 4th 224, 255 (2001); *Behrens v. Wometco Enters.*, Inc., 118 F.R.D. 534, 549 (S.D. Fla. 1988).  As reflected in these cases, the requested fee multiplier falls on the low end of the reasonable range, based on typical multipliers approved in comparable litigation.  The Court also finds that an award of reasonable attorneys' fees and litigation expenses is appropriate based on the private attorney general doctrine and Code of Civil Procedure §1021.5, and the Court's equitable powers under California law.

No Named Plaintiff, or any other Class Member, shall have any obligation to pay Class Counsel any further amounts for attorneys' fees, costs, or litigation expenses in the Litigation.  As none of the objections were sustained, the Court

further finds that no Class Member is entitled to seek or receive any further payment of attorneys' fees or litigation expenses in connection with the action.

The time declared to have been expended by Class Counsel is reasonable in amount in view of the complexity and subject matter of this Litigation, the skill and diligence with which it has been prosecuted and defended, and the quality of the result obtained for the Class.

Based on the declaration of Class Counsel submitted in support of the Fee Motion, the Court finds that Class Counsel have incurred out-of-pocket litigation expenses (paid and un-reimbursed, or currently due) in the amount of $_____, that said expenses were of a nature typically billed to fee-paying clients, and that said expenses are recoverable or were reasonable and necessary to the prosecution of this action in light of the extent of proceedings both on and off the Court's docket, the complexity of the legal and factual issues in the case, the amount at stake in this litigation, and the vigorous efforts of counsel for all Parties herein.  The Court finds these expenses are reasonable in this case, and shall be included as part of the $272,000 awarded to Class Counsel, to be paid by Defendant in the time and manner provided in the Settlement Agreement.

**13.     Class Representative's Incentive**.  The named Plaintiff in this action, which the Court appointed Class Representative in its Preliminary Approval Order, has actively participated in and assisted Class Counsel with this litigation for the substantial benefit of the Class despite facing significant personal limitations.  Ms. Littlejohn waived her right to pursue potential individual claims or relief in the Action.   Apart from the requested incentive, Ms. Littlejohn will receive no settlement payments or benefits of any nature, other than the injunctive relief available to the Class generally.  The Court hereby approves an incentive award for Ms. Littlejohn, to be paid by Defendant at the time and in the manner provided in the Settlement Agreement.  The amount of the incentive award shall be $3,000 for Ms. Littlejohn as Class Representative.   Ms. Littlejohn was actively involved

throughout the Litigation and contributed significant time and expense in seeing this action to fruition.  The Court approves this incentive payment to compensate the Class Representative for the burdens of her active involvement in the Litigation and her commitment and effort on behalf of the Class.

**14.    Class Member Objections**.  Having considered the _____ written objections, oral argument at the Fairness Hearing, the Parties' written and oral response to these objections, and the documents and record on file in this Litigation, the Court overrules all objections.

The Court finds no evidence of collusion.  Likewise, the Objectors have raised no valid concerns regarding the adequacy of the relief the Settlement provides, taking into account the weaknesses in Plaintiff's case along with the strengths of Defendant's defenses and the obstacles to class-wide recovery.  Further, Defendant's agreement to modify the Products' label and packaging, which adequately addresses the very claims raised in Plaintiff's Complaint, provides value to the Class.

The Court has found that the Notice was fair, reasonable, and adequate, and provided the best practicable notice to the class in compliance with all applicable laws.  The fact that the chosen Notice Administrator could effectuate notice in a manner widely approved for classes such as this one, where names of individual class members are unknown, for a cost less than other more expensive administrators, is a benefit to the Class, and not objectionable.  The Notice in this case also included statutory newspaper publication within the State of California pursuant to California Civil Code § 1781.

The Court also considered objections concerning the Fee Motion.  The objections are refuted by the lodestar analysis and the exceptional results achieved on behalf of the Class.  The Court therefore overrules the objections as to the Fee Motion.

**15.    Modification of Settlement Agreement**.  The Parties are hereby authorized, without needing further approval from the Court, to agree to and adopt

-13-

*Littlejohn v. Ferrara Candy Company,* Case No. 3:18-cv-00658-AJB-WVG

FINAL APPROVAL ORDER

1  such amendments to, and modifications and expansions of, the Settlement
2  Agreement, if such changes are consistent with this Order and do not limit the rights
3  of any person or Class Member entitled to relief under this Agreement.

4  **16.    Enforcement of Settlement**.  Nothing in this Final Order shall preclude
5  any action to enforce or interpret the terms of the Settlement.  Any action to enforce
6  or interpret the terms of the Settlement shall be brought solely in this Court.

7  **17.    Retention of Jurisdiction**.  The Court expressly retains continuing
8  jurisdiction as to all matters relating to the Settlement, and this Final Order, and for
9  any other necessary and appropriate purpose.  Without limiting the foregoing, the
10 Court retains continuing jurisdiction over all aspects of this case including but not
11 limited to any modification, interpretation, administration, implementation,
12 effectuation, and enforcement of the Settlement, the administration of the Settlement
13 and Settlement relief, including notices, payments, and benefits thereunder, the
14 Settlement Notice and sufficiency thereof, any objection to the Settlement, any
15 request for exclusion from the certified Class, the adequacy of representation by
16 Class Counsel and/or the Class Representative, the amount of attorneys' fees and
17 litigation expenses to be awarded Class Counsel, the amount of any incentive to be
18 paid to the Class Representative, any claim by any person or entity relating to the
19 representation of the Class by Class Counsel, to enforce the release and injunction
20 provisions of the Settlement and of this Order, any remand after appeal or denial of
21 any appellate challenge, any collateral challenge made regarding any matter related
22 to this litigation or this Settlement or the conduct of any party or counsel relating to
23 this litigation or this Settlement, and all other issues related to this action and
24 Settlement.  Further, the Court retains continuing jurisdiction to enter any other
25 necessary or appropriate orders to protect and effectuate the Court's retention of
26 continuing jurisdiction provided that nothing in this paragraph is intended to restrict
27 the ability of the Parties to exercise their rights under the Settlement Agreement.
28

**18.   No Admissions**.  This Final Order and Judgment and the Settlement, all provisions herein or therein, all other documents referred to herein or therein, any actions taken to carry out this Final Order and Judgment and the Settlement, and any negotiations, statements, or proceedings relating to them in any way shall not be construed as, offered as, received as, used as, or deemed to be evidence of any kind, including in this Litigation, any other action, or in any other judicial, administrative, regulatory, or other proceeding, except for purposes of obtaining approval of the Settlement and the entry of judgment in the Litigation, enforcement or implementation of the Settlement, or to support any defense by Defendant based on principles of res judicata, collateral estoppel, release, waiver, good-faith settlement, judgment bar or reduction, full faith and credit, setoff, or any other theory of claim preclusion, issue preclusion, release, injunction, or similar defense or counterclaim to the extent allowed by law.  Neither the Settlement Agreement nor any related negotiations, statements, mediation positions, notes, drafts, outlines, memoranda of understanding, or Court filings or proceedings relating to the Settlement or Settlement approval, shall be construed as, offered as, received as, used as, or deemed to be evidence or an admission or concession by any person, including but not limited to, of any liability or wrongdoing whatsoever on the part of Defendant or any Released Peron or as a waiver by Defendant or any Released Person of any applicable defense, including without limitation any applicable statute of limitation.

**19.   Dismissal of Action**.  This action, including all individual and Class claims resolved in it, shall be dismissed on the merits and with prejudice, without an award of attorneys' fees or costs to any party except as provided in this Order

**IT IS SO ORDERED.**

DATED: _____   _____
                                                   The Honorable Anthony J. Battaglia
                                                   UNITED STATES DISTRICT JUDGE