UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jessica Littlejohn, on behalf of herself, all others similarly situated, and the general public,<br><br>                                                  Plaintiff,<br><br>v.<br><br><br>Ferrara Cando Company, an Illinois Corporation,<br><br>                                                  Defendant. | Case No.: 18-cv-0658-AJB-WVG<br><br>**ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, CERTIFYING THE CLASS, APPOINTING CLASS REPRESENTATIVE AND CLASS COUNSEL, APPROVING NOTICE PLAN, AND SETTING FINAL APPROVAL HEARING**<br><br>**(Doc. No. 23)** |

Before the Court is Plaintiff Jessica Littlejohn's unopposed motion for preliminary approval of class action settlement. (Doc. No. 23.) Specifically, Plaintiff requests an order granting: (1) granting preliminary approval of the Agreement; (2) conditionally certifying a class for settlement purposes only; (3) appointing Plaintiff Jessica Littlejohn as Class Representative and her counsel, the Law Offices of Ronald A. Marron, APLC as Class Counsel; (4) directing that Notice be disseminated to the Class; and (5) setting a hearing at which the Court will consider whether to grant final approval of the Agreement.

Having reviewed and considered the settlement agreement and the unopposed

motion for preliminary approval of the Settlement Agreement, the Court **GRANTS** Plaintiffs' motion, makes the following findings, and grants the relief set forth below. (Doc. No. 23.) Terms and phrases in this order will have the same meaning as defined in the Settlement Agreement.

**IT IS HEREBY ORDERED THAT:**

Plaintiff Jessica Littlejohn and Defendant Ferrara Candy Company in this action (the "Parties"), styled *Littlejohn v. Ferrara Candy Company*, No. 3:18-cv-00658-AJB-WVG (S.D. Cal.) (the "Litigation"), after arm's-length settlement discussions have entered into a Settlement Agreement ("Agreement") which, if approved, would resolve this putative class action.

The capitalized terms used in this Preliminary Approval Order shall have the meanings and/or definitions given to them in the Agreement, or if not defined therein, the meanings and/or definitions given to them in this Preliminary Approval Order.

The proposed settlement was reached only after extensive investigation into the merits of Plaintiff's claims, and was the result of arm's-length negotiations conducted by the Parties in good faith and after consultation with competent legal counsel, and with the extensive assistance of an independent, neutral mediator, Judge Jay C. Gandhi (Ret.) of JAMS. The Litigation was filed in good faith, was not frivolous and was in compliance with Rule 11 of the Federal Rules of Civil Procedure. Based on the negotiations between counsel for the Parties, the Parties fully understood the nature, strength, and weaknesses of each other's claims and defenses.

Plaintiff and Class Counsel maintain that the Litigation and the claims asserted therein are meritorious and that Plaintiff and the Class would have prevailed at trial. Notwithstanding, Plaintiff and Class Counsel have agreed to settle the Litigation pursuant to the provisions of the Agreement, after considering, among other things: (i) the expense and length of continued proceedings that would be necessary to prosecute the Litigation through trial and appeals; (ii) the uncertain outcome and the risk of any litigation, especially in complex actions such as this Litigation, as well as the difficulties and delays inherent in

such litigation; (iii) the inherent problems of proof under the claims and possible defenses to the claims asserted in the Litigation; (iv) the substantial benefits to Plaintiff and the Class under the terms of this Agreement; and (v) the desirability of consummating this Settlement promptly in order to provide effective relief to Plaintiff and the Class. Plaintiff and Class Counsel agree that this Agreement is fair, reasonable and adequate because it provides substantial benefit to the Class, is in the best interests of the Class, and fairly resolves the claims alleged in this Litigation.

Defendant expressly denies any wrongdoing alleged in the pleadings in the Litigation, and does not admit or concede any actual or potential fault, wrongdoing, or liability in connection with any facts or claims which have been or could have been alleged against it in the Litigation. Defendant nonetheless considers it desirable for the Litigation to be settled and dismissed, because the proposed settlement will: (i) avoid further expense, burden, and disruption of the management and operation of Defendant's business due to the pendency and defense of the Litigation; and (ii) finally put Plaintiff's and the Class' claims and the underlying matters to rest.

The court has read and considered the Agreement and all exhibits thereto, including the proposed notices and claim form, and finds there is sufficient basis for: (1) granting preliminary approval of the Agreement; (2) conditionally certifying a class for settlement purposes only; (3) appointing Plaintiff Jessica Littlejohn as Class Representative and her counsel, the Law Offices of Ronald A. Marron, APLC as Class Counsel; (4) directing that Notice be disseminated to the Class; and (5) setting a hearing at which the Court will consider whether to grant final approval of the Agreement.

The Court now **GRANTS** the motion for preliminary approval and makes the following findings and orders:

1. Pursuant to Federal Rule of Civil Procedure 23, the Court hereby certifies this Litigation as a class action on behalf of the following certified Class:

All United States consumers who purchased SweeTARTS® Products, including those listed below, for household or personal use and not for resale, from January 1, 2012 until the Class is certified (the "Class Period"):

- SweeTARTS Original
- SweeTARTS Mini Chewy
- SweeTARTS Giant Chewy
- SweeTARTS Chews
- SweeTARTS Extreme Sour Chewy
- SweeTARTS Chewy Sours
- SweeTARTS Sour Gummies
- SweeTARTS Gummies
- SweeTARTS Whipped & Tangy
- SweeTARTS Cherry Punch Soft & Chewy Ropes
- SweeTARTS Tangy Strawberry Soft & Chewy Ropes
- SweeTARTS Jelly Beans

Excluded from the Class are (1) any judicial officer presiding over Littlejohn; (2) the Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, and employees; (3) legal representatives, successors or assigns of any such excluded person; and (4) persons who properly execute and file a timely request for exclusion.

The Court finds for purposes of this Settlement only that the Class meets the requirements of Rule 23(a), (b)(2), and (b)(3) of the federal Rules of Civil Procedure. Joinder of all Class Members in a single proceeding would be impracticable, if not impossible, because of their numbers and dispersion. Common issues exist among Class Members and predominate over questions affecting individual Class Members only. In particular, each Class Member's claim depends on whether the representations made by

Defendant on the packaging, labeling and marketing of the Products, which were uniform throughout the United States, were misleading to a reasonable consumer. The Plaintiff's claims are typical of, indeed identical, to those of the Class, as Plaintiff was exposed to the Products' label claims that they contain "No Artificial Flavors" and purchased the Products in reliance on those claims. Plaintiff and her counsel will fairly and adequately protect the interests of the Class, as Plaintiff has no interests antagonistic to the Class, and has retained counsel who are experienced and competent to prosecute this matter on behalf of the Class. Finally, a class settlement is superior to other methods available for a fair resolution of the controversy.

2. The Court approves Plaintiff Jessica Littlejohn as Class Representative.

3. Having considered the factors set forth in Rule 23(g)(1) of the Federal Rules of Civil Procedure, the Court appoints Plaintiff's counsel, the Law Offices of Ronald A. Marron, APLC to serve as Class Counsel.

4. The Court preliminarily approves the Agreement, finding that its terms appear sufficient, fair, reasonable and adequate to warrant dissemination of Notice of the proposed settlement to the Class. The Agreement contains no obvious deficiencies and the parties have entered into the Agreement in good faith, following arm's-length negotiation between their respective counsel and with the assistance of an experienced mediator. The Court's approval of this Agreement is made subject to further consideration at the Final Approval Hearing Date.

5. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court will hold a final approval hearing (the "Final Approval Hearing Date") on **May 31, 2019, at 2:00 p.m.** in the Courtroom of the Honorable Anthony J. Battaglia, United States District Court for the Southern District of California, for the following purposes:

    a. finally determining whether the Class meets all applicable requirements of Federal Rules of Civil Procedure 23(a) and (b), and, thus, the Class' claims should be certified for purposes of effectuating the Settlement;

      b. determining whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Agreement is fair, reasonable, and adequate and should be approved by the Court;

      c. considering the application of Class Counsel for an award of attorneys' fees and costs, as provided for in the Agreement;

      d. considering the application of the named Plaintiff for a class representative incentive award, as provided for in the Agreement;

      e. considering whether the Court should enter the [Proposed] Judgment, Final Order and Decree; and

      f. ruling upon such matters as the Court may deem just and appropriate.

6. Class Members must file with the Court and serve any objections to the proposed settlement no later than thirty (30) days prior to the Final Approval Hearing Date, including any memoranda and/or submissions in support of the objections, which deadline will be set forth in the Notice.

7. All papers in support of the Agreement must be filed with the Court and served at least fourteen (14) calendar days prior to the Final Approval Hearing date. Any response to an objection must be filed and served at least seven (7) calendar days prior to the Final Approval Hearing date.

8. Any application for an award of attorneys' fees and costs and class representative incentive award must be filed with the Court and served no later than fourteen (14) calendar days prior to the Objection Deadline. After filing, the application for fees and costs, and incentive award shall be posted on the Settlement Website for review by Class Members.

9. The Court approves the form and procedure for disseminating Notice of the proposed Settlement to the Class as set forth in the Agreement. This Litigation concerns retail products for which the Parties do not have direct notice information for class members. Accordingly, the Notice Plan provides for notice to the Class by publication. The Court finds that the Notice Plan submitted by the Parties constitutes the best notice

practicable under the circumstances, and constitutes valid and sufficient notice to the Class in full compliance with the requirements of applicable law, including Rule 23 and the Due Process Clause of the United States Constitution.

10.     Within thirty (30) days after the date of entry of this Order, the Notice Administrator shall disseminate the Class Notices substantially in the forms attached to the Agreement as **Exhibits A and B**. The manner and form of such dissemination shall be substantially as set forth in the Notice Plan attached as **Exhibit C** to the Agreement.

11.     The Court approves the designation of Classaura LLC to serve as the Court-Appointed Notice Administrator for the settlement. The Notice Administrator shall disseminate Class Notice and supervise and carry out the Notice Plan, and other administrative functions, and shall respond to Class Member inquiries under the direction and supervision of the Court.

12.     The Court directs the Notice Administrator to establish a Class Settlement Website, making available copies of this Order, Class Notice, the Settlement Agreement and all exhibits thereto, a toll-free hotline, and such other information as may be of assistance to Class Members or required under the Agreement. The Class Settlement Website shall be made available to Class Members no later than fifteen (15) calendar days after the date of this Order, and continuously thereafter until thirty (30) days after either (a) the Effective Date or (b) the date on which the Agreement is terminated or otherwise not approved by a court, whichever is later.

13.     The Notice Administrator shall be responsible for providing the Parties with assistance, as necessary, such as by preparing affidavits of work it has performed with respect to implementing the Class Notice, and providing regular updates to the Parties' counsel about the status of the Notice process.

14.     All Class Members shall be bound by all determinations and judgments in the Litigation concerning the settlement, whether favorable or unfavorable to the Class.

15.     Any person falling within the definition of the Class may, upon his or her request, be excluded from the Class. Any such person must submit a completed request for

exclusion to the Notice Administrator via first class United States mail at the address set forth in the Class Notice and postmarked no later than thirty (30) calendar days before the date set for the Final Approval Hearing ("Opt-Out Date"). Requests for exclusion purportedly filed on behalf of groups of persons are prohibited and will be deemed void.

16. Any Class Member who does not send a completed, signed request for exclusion to Notice Administrator postmarked or delivered on or before the Opt-Out Date will be deemed to be a Class Member for all purposes and will be bound by all further orders of the Court in this Litigation and by the terms of the Settlement. The written request for exclusion must request exclusion from the Class, must be signed by the potential Class Member and include a statement indicating that the person is a member of the Class. All persons who submit valid and timely requests for exclusion shall not be bound by the Agreement or the Final Judgment and Order.

17. Any person falling within the definition of the Class may object to the Agreement. Objections purportedly filed on behalf of groups of persons are prohibited and will be deemed void. To be considered, all objections must be timely, in writing, signed and dated by the objector (or his or her attorney, if applicable), and filed with the Court, with a copy served on Class Counsel, Defense Counsel, and the Notice Administrator at the addresses set forth in the Notice, and postmarked no later than thirty (30) calendar days prior to the Final Approval Hearing date. Any objection regarding or related to the Agreement shall contain a caption or title that identifies it as "Objection to Class Settlement in *Littlejohn v. Ferrara Candy Company*, No. 3:18-cv-00658-AJB-WVG" and also shall contain information sufficient to identify and contact the objecting Class Member (or his or her attorney, if any), as well as a clear and concise statement of the Class Member's objection, documents sufficient to establish the basis for their standing as a Class Member, i.e., verification under oath as to the approximate date(s) and location(s) of their purchase(s) of the Products, the facts supporting the objection, and the legal grounds on which the objection is based. Any objections not submitted to the Court at least thirty (30) days prior to the Final Approval Hearing are deemed waived. A request for exclusion or

an objection that does not include all of the foregoing information, that is sent to an address other than the one designated in the Class Notice, or that is not received within the time specified, shall be invalid and the person serving such a request shall be deemed a member of the Class, and shall be bound as a Class Member by the Agreement. The Notice Administrator shall promptly forward copies of all requests for exclusion and objections to Class Counsel and counsel for Defendant.

18. If an objecting party chooses to appear at the hearing, that party must file with the Court, at least thirty (30) days before the Final Approval Hearing, a notice of intent to appear and that notice must list the name, address and telephone number of the attorney, if any, who will appear on behalf of that party.

19. A Class Member who appears at the Final Approval Hearing, either personally or through counsel, will be permitted to argue only those matters that were set forth in the timely and validly submitted written objection filed by such Class Member. No Class Member shall be permitted to raise matters at the Final Approval Hearing that the Class Member could have raised in his/her written objection, but failed to do so, and all objections to the Agreement that are not set forth in a timely and validly submitted written objection are deemed waived.

20. If a Class Member wishes to present witnesses or evidence at the Final Approval Hearing in support of a timely and validly submitted objection, all witnesses must be identified in the objection, and true and correct copies of all supporting evidence must be appended to, or filed and served with, the objection. Failure to identify witnesses or provide copies of supporting evidence in this manner waives any right to introduce such testimony or evidence at the Final Approval Hearing. While the declaration described above is prima facie evidence that the objector is a member of the Class, Plaintiff or Defendant or both may take discovery regarding the matter, subject to Court approval.

21. Any Class Member who fails to comply with the applicable provisions of the preceding paragraphs concerning their objection shall waive and forfeit any and all rights he or she may have to object, appear, present witness testimony, and/or submit evidence,

shall be barred from appearing, speaking, or introducing any testimony or evidence at the Final Approval Hearing, and shall be bound by all the terms of the Agreement and by all proceedings, orders and judgments in the Litigation.

22. All objections must be filed with the Clerk and served on the Parties' counsel no later than the Opt-Out Date. Objections received after the Opt-Out Date will not be considered at the Final Approval Hearing. A Class Member's failure to submit a written objection before the Opt-Out Date, in conformance with the procedures set forth in the Class Notice, and above, waives any right the Class Member may have to object to the Settlement, the Agreement, attorneys' fees and costs, the Class Representative's incentive award, or to appeal or seek other review of the Final Judgment and Order.

23. Class Members who do not oppose the Settlement, the application for attorneys' fees and costs, or the Class Representative incentive award need not take any action to indicate their approval.

24. Class Members are preliminarily enjoined from filing, commencing, prosecuting, intervening in, participating in, maintaining as class members or otherwise, directly or indirectly through a representative or otherwise, or receiving any benefits from, any lawsuit, arbitration, government action, administrative or regulatory proceeding or order in any jurisdiction, forum or tribunal asserting any Released Claims. In addition, all persons are preliminarily enjoined from filing, commencing or prosecuting a lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf of Class Members, or asserting any Released Claims. Nothing herein shall require any Class Member to take any affirmative action with regard to other pending class action litigation in which he or she may be an absent class member.

25. The Agreement and the proceedings and statements made pursuant to the Agreement or papers filed relating to the approval of the Agreement, and this Order, are not and shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or an admission of any

kind by any of the Parties or any other Released Person of (i) the truth of any fact alleged or the validity of any Released Claims or defense that has been, could have been, or in the future might be asserted in the Litigation, any other litigation, court of law or equity, proceeding, arbitration, tribunal, investigation, government action, administrative proceeding, or other forum, or (ii) any liability, responsibility, fault, wrongdoing, or otherwise of the Parties or any other Released Person. Defendant has denied and continues to deny the claims asserted by Plaintiff. Nothing contained herein shall be construed to prevent a Party from offering the Agreement into evidence for the purposes of enforcement of the Agreement.

The certification of the Class shall be binding only with respect to the settlement of this Litigation. In the event that the Agreement is terminated pursuant to its terms or is not finally approved by the Court, or such approval is reversed, vacated, or modified in any material respect by this or any other Court, the certification of the Class shall be deemed vacated, the Litigation shall proceed as if the Class had never been certified (including Defendant's right to oppose any subsequent motion for class certification), and no reference to the Class, the Agreement, or any documents, communications, or negotiations related in any way thereto shall be made for any purpose.

**IT IS SO ORDERED.**

Dated:  February 28, 2019

Hon. Anthony J. Battaglia
United States District Judge