# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA LITTLEJOHN, on behalf of herself, all others similarly situated, and the general public,<br><br>Plaintiff,<br><br>v.<br><br>FERRARA CANDY COMPANY, an Illinois Corporation,<br><br>Defendant. | Case No. 3:18-cv-00658-AJB-WVG<br><br>**CLASS ACTION**<br><br>**FINAL JUDGMENT AND ORDER: (1) APPROVING CLASS ACTION SETTLEMENT, (2) AWARDING CLASS COUNSEL FEES AND EXPENSES, (3) AWARDING CLASS REPRESENTATIVE INCENTIVE AWARD, AND (4) DISMISSING ACTION WITH PREJUDICE**<br><br>Judge:  Hon. Anthony J. Battaglia |

## PROCEDURAL HISTORY

Plaintiff Jessica Littlejohn filed this Action against Defendant Ferrara Candy Company (together, the "Parties"), styled *Littlejohn v. Ferrara Candy Company*, No. 3:18-cv-00658-AJB-WVG (S.D. Cal.) (the "Litigation"), bringing claims for fraud by omission (Civ. Code §§ 1709-1710), negligent misrepresentation (Civ. Code §§ 1709-1710), violations of California's Consumer Legal Remedies Act, (Civ. Code § 1750, et seq. ["CLRA"]), violations of California's Unfair Competition Law (Bus. & Prof. Code § 17200, et seq. ["UCL"]), violations of California's False Advertising Law (id. § 17500, et seq. ["FAL"]), and Breach of Express and Implied Warranties relating to various SweeTARTS candy products (Dkt. No. 12). Defendant manufactures, markets and sells in the United States a variety of sweet and tart flavored candy products at issue in this Settlement. Plaintiff alleges that Defendant's labeling and marketing of SweeTARTS® Products is false and misleading.

After arm's-length settlement discussions, the Parties have entered into a Settlement Agreement ("Agreement"), which, if approved, would resolve this putative class action. Currently pending before the Court is Plaintiff's Motion for Final Approval of the Settlement Agreement and Plaintiff's Motion for Attorneys' Fees and Incentive Award for the Class Representative.

After consideration of the Parties' briefs, the Court hereby GRANTS Final Approval of the Settlement.

On February 28, 2019, the Court entered its Order (1) Preliminarily Approving Class Action Settlement, (2) Certifying the Class, (3) Appointing Class Representative and Class Counsel, (4) Approving the Notice Plan, and (5) Setting Final Approval Hearing ("Preliminary Approval Order"), in which it preliminarily approved the Settlement. The Court also scheduled a hearing to determine whether the Settlement is fair, reasonable, adequate, in the best interest of the Class, and free from collusion, such that the Court should grant Final Approval of the Settlement,

and to consider Plaintiff's motion for an award of attorneys' fees, costs and litigation expenses, and an incentive award for the Class Representative ("Fairness Hearing"). The Court has considered:

- the points and authorities submitted by Plaintiff in support of the motion for final approval of the Settlement ("Final Approval Motion");
- the points and authorities submitted by Plaintiff in support of the motion for an award of attorneys' fees and litigation expenses, and approval of an incentive award for the Class Representative ("Fee Motion");
- the declarations and exhibits submitted in support of said motions;
- the Settlement Agreement;
- the entire record in this proceeding, including but not limited to the points and authorities, declarations, and exhibits submitted in support of preliminary approval of the Settlement, filed December 21, 2018;
- the Notice Plan, providing full and fair notice to the Class;
- the existence of two objections to and five exclusions from the Settlement, and the substance of those objections;
- the absence of any objection or response by any official after the provision of all notices required by the Class Action Fairness Act of 2005, 28 U.S.C. §1715;
- the oral presentations of Class Counsel, Counsel for Defendant, and objector(s) at the Fairness Hearing;
- this Court's experiences and observations while presiding over this matter, and the Court's file herein; and
- the relevant law.

Based upon these considerations and the Court's findings of fact and conclusions of law as set forth in the Preliminary Approval Order and in this Final Judgment and Order (1) Approving Class Action Settlement, (2) Awarding Class Counsel Fees and Expenses, (3) Awarding Class Representative Incentive Award,

-2-
*Littlejohn v. Ferrara Candy Company,* Case No. 3:18-cv-00658-AJB-WVG
FINAL APPROVAL ORDER

(4) Permanently Enjoining Parallel Proceedings, and (5) Dismissing Action with Prejudice ("Final Approval Order"), and good cause appearing, **IT IS HEREBY ORDERED AND DECREED**:

1. **Definitions.** The capitalized terms used in this Final Approval Order shall have the meanings and/or definitions given to them in the Settlement Agreement or, if not defined therein, the meanings and/or definitions given to them in this Final Approval Order.

2. **Incorporation of Documents**. This Final Approval Order incorporates the Settlement Agreement, filed as Exhibit 1 to the Declaration of Ronald A. Marron in support of preliminary settlement approval on December 21, 2018, including all exhibits thereto, and the Court's findings and conclusions contained in its Preliminary Approval Order.

3. **Jurisdiction**. The Court has personal jurisdiction over the Parties, the Class Members, including objectors, and Defendant. The Court has subject matter jurisdiction over this action, including, without limitation, jurisdiction to approve the Settlement, to settle and release all claims alleged in the action and all claims released by the Settlement, including the Released Claims, to adjudicate any objections submitted to the proposed Settlement, and to dismiss this action with prejudice. All Class Members who did not exclude themselves according to the Court's prior orders and the terms of the Class Notices have consented to the jurisdiction of this Court for purposes of this action and the Settlement of this action.

**Findings and Conclusions**

4. **Definition of the Class and Class Members**. The Court's Preliminary Approval Order defines the "Class," which is comprised of the "Class Members," as follows:

> All United States consumers who purchased SweeTARTS® Products, including those listed below, for household or personal use and not for resale, from January 1, 2012 until the Class is certified (the "Class Period"):
> • SweeTARTS Original
> • SweeTARTS Mini Chewy

- SweeTARTS Giant Chewy
- SweeTARTS Chews
- SweeTARTS Extreme Sour Chewy
- SweeTARTS Chewy Sours
- SweeTARTS Sour Gummies
- SweeTARTS Gummies
- SweeTARTS Whipped & Tangy
- SweeTARTS Cherry Punch Soft & Chewy Ropes
- SweeTARTS Tangy Strawberry Soft & Chewy Ropes
- SweeTARTS Jelly Beans

Excluded from the Class are (1) any judicial officer presiding over *Littlejohn*; (2) the Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, and employees; (3) legal representatives, successors or assigns of any such excluded person; and (4) persons who properly execute and file a timely request for exclusion.

The Court affirms its certification of the Class, as set forth in the Preliminary Approval Order. All Class Members are subject to this Final Approval Order and the Final Judgment to be entered by the Clerk of Court in accordance herewith.

### 5. Class Certifications (Rule 23)

#### A. Numerosity

Defendant's sales in the United States number in the hundreds of thousands annually. For the purposes of this Settlement, no party or objector contests numerosity. The Court finds that the Class is sufficiently numerous that joinder of all class claims is impracticable. Fed. R. Civ. P. 23(a)(1).

#### B. Commonality

The Court finds that there are questions of law and fact common to the Class, as to whether Defendant made false or deceptive marketing claims about its Products. All Class Members allege the same injury: loss of money spent purchasing the allegedly deceptive-labeled Products. All Class Members were exposed to the same or substantially similar contested labeling claims of the Products. Resolution of the common questions about whether Defendant's labeling claims were deceptive

would resolve questions relevant to all of the claims in one stroke. Accordingly, the Court affirms its prior ruling under Rule 23(a)(2).

### C. Typicality

The Court finds that Plaintiff's claims are reasonably co-extensive with those of the other Class Members so as to meet Rule 23(a)(3)'s requirements. Typicality is a "permissive" standard under which "representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon v. v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998). The Class does not lack typicality. The Court therefore affirms its prior order, finding that the Plaintiff's claims are reasonably coextensive with those of the Class.

### D. Adequacy of Class Representative

Having considered the factors set forth in Rule 23(g)(1), the Court finds that Plaintiff is an adequate class representative and Class Counsel are adequate to represent the Class. Class Counsel has fully and competently prosecuted all causes of action, claims, theories of liability, and remedies reasonably available to the Class Members. The Court hereby affirms its appointment of the Law Offices of Ronald A. Marron, APLC as Class Counsel. The Court also affirms its appointment of Jessica Littlejohn as the Class Representative, finding that she possesses no interests adverse to the Class and is adequate to represent the Class.

### E. Rule 23(b) Has Been Satisfied

For the purposes of this Settlement, the Parties contend that the elements of Rules 23(b)(2) and (b)(3) have been met. The Court finds that Defendant has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief is appropriate respecting the class as a whole, Fed. R. Civ. P. 23(b)(2); and that questions of law and fact as to whether a reasonable consumer would find the Products' packaging deceptive predominate over individual questions. Plaintiff alleges a common injury on behalf of the Class, specifically the loss of the purchase price of the Products, and the Products' respective packaging was standard across

the United States. The Court also finds that resolution on a class-wide basis is superior for purposes of judicial efficiency and to provide a forum for absent Class members, who are unlikely to bring individual suits to recover. The Court therefore affirms its prior ruling that the Class satisfies Rule 23(b)(3). The Court also affirms its prior ruling that the Class satisfies Rule 23(b)(2). The primary relief in this claim was injunctive relief in the form of labeling changes to the Products' labels.

**6.** **The Settlement.** The Court finds that the Settlement is fair, reasonable, and adequate to the Class, in light of the complexity, expense, and likely duration of the litigation (including appellate proceedings), and the risks involved in establishing liability, damages, and in maintaining the action as a class action, through trial and appeal. *See Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 963 (9th Cir. 2009). The Settlement is the result of arm's-length negotiation and there is no evidence of collusion or other conflicts of interest between Plaintiff, Class Counsel and the Class. *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011).

**A.** The Parties reached the proposed Settlement only after extensive investigation into the merits of Plaintiff's claims, and was the result of arm's-length negotiations conducted by the Parties in good faith and after consultation with competent legal counsel, and with the extensive assistance of an independent, neutral mediator, Judge Jay C. Gandhi (Ret.) of JAMS. The Litigation was filed in good faith, was not frivolous and was in compliance with Rule 11 of the Federal Rules of Civil Procedure. Based on the negotiations between counsel for the Parties, the Parties fully understood the nature, strength, and weaknesses of each other's claims and defenses.

Plaintiff and Class Counsel maintain that the Litigation and the claims asserted therein are meritorious and that Plaintiff and the Class would have prevailed at trial. Notwithstanding, Plaintiff and Class Counsel have agreed to settle the Litigation pursuant to the provisions of the Agreement, after considering, among

other things: (i) the expense and length of continued proceedings that would be necessary to prosecute the Litigation through trial and appeals; (ii) the uncertain outcome and the risk of any litigation, especially in complex actions such as this Litigation, as well as the difficulties and delays inherent in such litigation; (iii) the inherent problems of proof under the claims and possible defenses to the claims asserted in the Litigation; (iv) the substantial benefits to Plaintiff and the Class under the terms of this Agreement; and (v) the desirability of consummating this Settlement promptly in order to provide effective relief to Plaintiff and the Class. Plaintiff and Class Counsel agree that this Agreement is fair, reasonable and adequate because it provides substantial benefit to the Class, is in the best interests of the Class, and fairly resolves the claims alleged in this Litigation.

Defendant expressly denies any wrongdoing alleged in the pleadings in the Litigation, and does not admit or concede any actual or potential fault, wrongdoing, or liability in connection with any facts or claims which have been or could have been alleged against it in the Litigation. Defendant nonetheless considers it desirable for the Litigation to be settled and dismissed, because the proposed settlement will: (i) avoid further expense, burden and disruption of the management and operation of Defendant's business due to the pendency and defense of the Litigation; and (ii) finally put Plaintiff's and the Class' claims and the underlying matters to rest.

Plaintiff and Defendant were fully informed of the legal bases for the claims and defenses herein, and are capable of balancing the risks of continued litigation and the benefits of the Settlement. Class Counsel and Defendant's counsel are highly experienced civil litigation lawyers with specialized knowledge in food labeling issues, and complex class action litigation generally. Class Counsel and Defendant's counsel are capable of properly assessing the risks, expenses, and duration of continued litigation.

**B.** The Settlement affords meaningful injunctive relief. First, Defendant will remove the phrase "No Artificial Flavors" from the SweeTARTS Product

packaging and promotional materials (unless any such Product ceases to contain dl-malic acid as an ingredient). In addition, Defendant will identify "dl-malic acid" as an ingredient on the SweeTARTS Product packaging and promotional materials (for every Product that includes dl-malic acid as an ingredient). Defendant shall implement the injunctive relief described above on SweeTARTS Product packaging and promotional and marketing material by December 31, 2019, and must implement the modifications for a period of two years following the date of final approval.

The Court has considered the realistic range of outcomes in this matter, including the amount Plaintiff might receive if she prevailed at trial, the strength and weaknesses of the case, the novelty and number of the complex legal issues involved, and the risk that Plaintiff and the Class would receive less than the Settlement relief or take nothing at trial. The relief offered by the Settlement is fair, reasonable, and adequate in view of these factors.

**C.** The Court has found no evidence of collusion between Plaintiff and Defendant or their respective counsel. The Settlement resulted from extensive arm's-length, adversarial negotiation. Further, the Court has evaluated the factors set forth by the Ninth Circuit and determined that there was no collusion. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011) (the three factors are: "(1) when counsel receive a disproportionate distribution of the settlement, . . . (2) when the parties negotiate a 'clear sailing' arrangement providing for the payment of attorneys' fees separate and apart from class funds, . . . and (3) when the parties arrange for fees not awarded to revert to defendants . . ."). Defendant has agreed to pay Class Counsel $272,000, which represents their lodestar plus a modest ___ multiplier, well within the range courts have allowed in the Ninth Circuit. *Id.* The Parties also agreed to the terms of the Settlement before discussing attorneys' fees, another factor which weighs against a finding of collusion. *See, e.g.*

*Weeks v. Kellogg Co.*, 2011 U.S. Dist. LEXIS 155472, at *83 (C.D. Cal. Nov. 23, 2011).

    **D.** The response of the Class to this action, the certification of a class, and the Settlement, including Class Counsel's application for an award of attorneys' fees, litigation expenses, and the Class Representative's incentive award, after full, fair, and effective notice thereof, strongly favors final approval of the Settlement. Out of the estimated millions who received Notice, only four class members submitted valid requests for exclusion. Moreover, only two objections were filed, which the Court has considered.

    **7.** **Notice to the Class.** The Class has received the best practicable notice in light of the fact that Defendant does not collect or maintain information sufficient to identify Class Members. The Parties' selection and retention of Classaura LLC as the Notice Administrator was reasonable and appropriate. Based on the Declaration of Gajan Retnasaba, the Court hereby finds that the Settlement Notices were published to the Class Members substantially in the form and manner approved by the Court in its Preliminary Approval Order. The Settlement Notices provided fair, effective and the best practicable notice to the Class of the Settlement and the terms thereof. The Notices also informed the Class of Plaintiff's intent to seek attorneys' fees, costs, and incentive payments, and set forth the date, time, and place of the Fairness Hearing and Class Members' rights to object to the Settlement or Fee Motion and to appear at the Fairness Hearing. The Court further finds that the Settlement afforded Class members a reasonable period of time to exercise such rights. *See Weeks v. Kellogg Co.*, 2011 U.S. Dist. LEXIS 155472, at *82 (C.D. Cal. Nov. 23, 2011) (class members' deadline to object or opt out must arise after class counsel's fee motion is filed); *In re Mercury Interactive Corp. Secs. Litig.*, 618 F.3d 988, 994 (9th Cir. 2010) (same). The Settlement Notices fully satisfied all notice requirements under the law, including the Federal Rules of Civil Procedure, the

-9-
*Littlejohn v. Ferrara Candy Company,* Case No. 3:18-cv-00658-AJB-WVG
FINAL APPROVAL ORDER

requirements of the California Legal Remedies Act, Cal. Civ. Code § 1781, and all due process rights under the U.S. Constitution and California Constitutions.

**8. Notices Pursuant to 28 U.S.C. § 1715**. The Court finds that Defendant has satisfied all notice requirements of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, as attested to by the Retnasaba Declaration. On December 27, 2018, at Defendant's direction, Classaura LLC served the notices required by 28 U.S.C. § 1715(b), which included a copy of the Settlement Agreement and other required documents, as well as notice of the date, time, and place of the Fairness Hearing. The Court has received no objection or response to the Settlement agreement by any federal or state official, including any recipient of the foregoing notices. This fact further supports the fairness of the Settlement.

**9. Implementation of Settlement**. The Parties are directed to implement the Settlement according to its terms and conditions.

**10. Appeal after Implementation**. Any Class Member who failed timely and validly to object to the Settlement has waived any objection. Any Class Member seeking to appeal the Court's rulings must: (a) move to intervene upon a representation of inadequacy of counsel (if they did not object to the proposed Settlement under the terms of the Settlement); (b) request a stay of implementation of the Settlement; and (c) post an appropriate bond. Absent satisfaction of all three requirements, Defendant is authorized, at its sole option and in its sole discretion, to proceed with the implementation of the Settlement, including before the Effective Date, even if such implementation would moot any appeal.

**11. Release**. The Release set forth in the Settlement Agreement is expressly incorporated herein in all respects, is effective as of the date of the entry of this Final Order, and forever discharges the Released Parties from any claims or liabilities released by the Settlement, including the Released Claims, and including without limitation a waiver of all rights under Section 1542 of the California Civil Code. This Release covers, without limitation, any and all claims for attorneys' fees

1 and expenses, costs or disbursements incurred by Class Counsel, the Settlement of this Action, the administration of such Settlement, and the Released Claims, except to the extent otherwise specified in this Order and the Settlement Agreement.

**12. Attorneys' Fees and Litigation Expenses**. The Court orders that Class Counsel is entitled to reasonable attorneys' fees and litigation expenses incurred in connection with the action and in reaching this Settlement in the amount of $272,000, to be paid at the time and in the manner provided in the Settlement Agreement. The fee award sought in the present case is reasonable when judged by the standards of this circuit. Defendant has agreed to pay Class Counsel $275,000, which represents the costs of notice to the class, the Class Representative's incentive award, and Class Counsel's lodestar plus a modest 1.489 multiplier, well within the range Courts have allowed in the Ninth Circuit. *Id.*

A multiplier of 1.489 is justified here, based on the excellent results obtained, the experience and skill of Counsel, the complexity of issues, the risk of non-payment and preclusion of other work, and the reaction of the Class. The fee award requested is also reasonable in light of similar lodestar awards, as set forth in the Fee Motion. Courts have approved multipliers ranging from 2-4 (and higher) in comparably complex litigation and under such circumstances. *See, e.g., Wershba v. Apple Computer*, 91 Cal. App. 4th 224, 255 (2001); *Behrens v. Wometco Enters., Inc.*, 118 F.R.D. 534, 549 (S.D. Fla. 1988). As reflected in these cases, the requested fee multiplier falls on the low end of the reasonable range, based on typical multipliers approved in comparable litigation. The Court also finds that an award of reasonable attorneys' fees and litigation expenses is appropriate based on the private attorney general doctrine and Code of Civil Procedure §1021.5, and the Court's equitable powers under California law.

No Named Plaintiff, or any other Class Member, shall have any obligation to pay Class Counsel any further amounts for attorneys' fees, costs, or litigation expenses in the Litigation. As none of the objections were sustained, the Court

further finds that no Class Member is entitled to seek or receive any further payment of attorneys' fees or litigation expenses in connection with the action.

The time declared to have been expended by Class Counsel is reasonable in amount in view of the complexity and subject matter of this Litigation, the skill and diligence with which it has been prosecuted and defended, and the quality of the result obtained for the Class.

Based on the declaration of Class Counsel submitted in support of the Fee Motion, the Court finds that Class Counsel have incurred out-of-pocket litigation expenses (paid and un-reimbursed, or currently due) in the amount of $36,000.02 that said expenses were of a nature typically billed to fee-paying clients, and that said expenses are recoverable or were reasonable and necessary to the prosecution of this action in light of the extent of proceedings both on and off the Court's docket, the complexity of the legal and factual issues in the case, the amount at stake in this litigation, and the vigorous efforts of counsel for all Parties herein. The Court finds these expenses are reasonable in this case, and shall be included as part of the $272,000 awarded to Class Counsel, to be paid by Defendant in the time and manner provided in the Settlement Agreement.

**13. Class Representative's Incentive**. The named Plaintiff in this action, which the Court appointed Class Representative in its Preliminary Approval Order, has actively participated in and assisted Class Counsel with this litigation for the substantial benefit of the Class despite facing significant personal limitations. Ms. Littlejohn waived her right to pursue potential individual claims or relief in the Action. Apart from the requested incentive, Ms. Littlejohn will receive no settlement payments or benefits of any nature, other than the injunctive relief available to the Class generally. The Court hereby approves an incentive award for Ms. Littlejohn, to be paid by Defendant at the time and in the manner provided in the Settlement Agreement. The amount of the incentive award shall be $3,000 for Ms. Littlejohn as Class Representative. Ms. Littlejohn was actively involved

throughout the Litigation and contributed significant time and expense in seeing this action to fruition. The Court approves this incentive payment to compensate the Class Representative for the burdens of her active involvement in the Litigation and her commitment and effort on behalf of the Class.

14. **Class Member Objections**. Having considered the two written objections, oral argument at the Fairness Hearing, the Parties' written and oral response to these objections, and the documents and record on file in this Litigation, the Court overrules all objections.

The Court finds no evidence of collusion. Likewise, the Objectors have raised no valid concerns regarding the adequacy of the relief the Settlement provides, taking into account the weaknesses in Plaintiff's case along with the strengths of Defendant's defenses and the obstacles to class-wide recovery. Further, Defendant's agreement to modify the Products' label and packaging, which adequately addresses the very claims raised in Plaintiff's Complaint, provides value to the Class.

The Court has found that the Notice was fair, reasonable, and adequate, and provided the best practicable notice to the class in compliance with all applicable laws. The fact that the chosen Notice Administrator could effectuate notice in a manner widely approved for classes such as this one, where names of individual class members are unknown, for a cost less than other more expensive administrators, is a benefit to the Class, and not objectionable. The Notice in this case also included statutory newspaper publication within the State of California pursuant to California Civil Code § 1781.

The Court also considered objections concerning the Fee Motion. The objections are refuted by the lodestar analysis and the exceptional results achieved on behalf of the Class. The Court therefore overrules the objections as to the Fee Motion.

15. **Modification of Settlement Agreement**. The Parties are hereby authorized, without needing further approval from the Court, to agree to and adopt

such amendments to, and modifications and expansions of, the Settlement Agreement, if such changes are consistent with this Order and do not limit the rights of any person or Class Member entitled to relief under this Agreement.

**16. Enforcement of Settlement**. Nothing in this Final Order shall preclude any action to enforce or interpret the terms of the Settlement. Any action to enforce or interpret the terms of the Settlement shall be brought solely in this Court.

**17. Retention of Jurisdiction**. The Court expressly retains continuing jurisdiction as to all matters relating to the Settlement, and this Final Order, and for any other necessary and appropriate purpose. Without limiting the foregoing, the Court retains continuing jurisdiction over all aspects of this case including but not limited to any modification, interpretation, administration, implementation, effectuation, and enforcement of the Settlement, the administration of the Settlement and Settlement relief, including notices, payments, and benefits thereunder, the Settlement Notice and sufficiency thereof, any objection to the Settlement, any request for exclusion from the certified Class, the adequacy of representation by Class Counsel and/or the Class Representative, the amount of attorneys' fees and litigation expenses to be awarded Class Counsel, the amount of any incentive to be paid to the Class Representative, any claim by any person or entity relating to the representation of the Class by Class Counsel, to enforce the release and injunction provisions of the Settlement and of this Order, any remand after appeal or denial of any appellate challenge, any collateral challenge made regarding any matter related to this litigation or this Settlement or the conduct of any party or counsel relating to this litigation or this Settlement, and all other issues related to this action and Settlement. Further, the Court retains continuing jurisdiction to enter any other necessary or appropriate orders to protect and effectuate the Court's retention of continuing jurisdiction provided that nothing in this paragraph is intended to restrict the ability of the Parties to exercise their rights under the Settlement Agreement.

**18. No Admissions**. This Final Order and Judgment and the Settlement, all provisions herein or therein, all other documents referred to herein or therein, any actions taken to carry out this Final Order and Judgment and the Settlement, and any negotiations, statements, or proceedings relating to them in any way shall not be construed as, offered as, received as, used as, or deemed to be evidence of any kind, including in this Litigation, any other action, or in any other judicial, administrative, regulatory, or other proceeding, except for purposes of obtaining approval of the Settlement and the entry of judgment in the Litigation, enforcement or implementation of the Settlement, or to support any defense by Defendant based on principles of res judicata, collateral estoppel, release, waiver, good-faith settlement, judgment bar or reduction, full faith and credit, setoff, or any other theory of claim preclusion, issue preclusion, release, injunction, or similar defense or counterclaim to the extent allowed by law. Neither the Settlement Agreement nor any related negotiations, statements, mediation positions, notes, drafts, outlines, memoranda of understanding, or Court filings or proceedings relating to the Settlement or Settlement approval, shall be construed as, offered as, received as, used as, or deemed to be evidence or an admission or concession by any person, including but not limited to, of any liability or wrongdoing whatsoever on the part of Defendant or any Released Peron or as a waiver by Defendant or any Released Person of any applicable defense, including without limitation any applicable statute of limitation.

///
///
///
///
///
///
///

**19. Dismissal of Action**.  Except for the individual claims of those who duly opted-out of the Settlement Class (identified in **Exhibit 1** to the Final Approval Order), this action, including all individual and Class claims resolved in it, shall be dismissed on the merits and with prejudice, without an award of attorneys' fees or costs to any party except as provided in this Order.

**IT IS SO ORDERED.**

Dated:  June 17, 2019

*[signature]*
Hon. Anthony J. Battaglia
United States District Judge

# **EXHIBIT 1**

Treetis Ebben
Webster, Wisconsin

Ebbens Stevens
Siren, Wisconsin

Laurel Greenstein
Van Nuys, California

Willis Johnson
Lithonia, Georgia

Marshall Ray Partain
Henderson, Texas